TIMOTHY ROGER and CHESTER HUBBARD, plaintiffs below, *vs.*
THOMAS DAVIS and NICHOLAS BAYLIES, defendants below.—
*IN ERROR.*

*Washington,*
February,
1826.

A judgment unsatisfied, taken on a judgment rendered upon an appeal, does not satisfy the re-
cognizance taken for the prosecution of such appeal; but the recognizors are still liable for all
costs upon the appeal, and so much of the damages as have been lost in consequence of the ap-
peal.

A delay of the party appellee, to collect a judgment recovered on appeal, though urged by the
surety to use diligence in collecting the judgment of the principal, does not discharge such surety
from his liability on the recognizance entered into for the prosecution of the appeal.

In declaring on a judgment rendered by a justice, a description of the action, and an averment that
the magistrate was a justice of the peace, is a sufficient averment that the justice had jurisdic-
tion of the action.

By our statute, justice's courts are courts of record. They do not send up their record, on appeal,
but certified copies thereof, and of the recognizances by them taken. And a profert of such
copies of record is a sufficient averment, in a declaration upon such a recognizance, that it is of
record, and that it was transmitted to the court to which the appeal was taken.

THE action below was an action of debt, upon a recogniz-
ance entered into by the defendants in the sum of $100, in due
form of law, for the prosecution of an appeal to the county
court, from the judgment of a justice of the peace in favour of
the plaintiffs against the said *Davis.* The declaration alleged
that the judgment of the justice was affirmed in the county
court, &c. That *Davis* had sufficient personal property at the
time of the appeal, but had none when final judgment was ren-
dered by said county court.

This action having been brought by appeal from a justice of
the peace to the county court, the defence in the county court
was presented in three several pleas in bar.

The *first* stated that the plaintiffs had never taken out execu-
tion upon the said judgment against said *Davis,* in said county
court, but had sued said judgment, and recovered a judgment
upon it, with costs, and had taken out execution upon said *last*
judgment, and caused said *Davis* to be committed to prison on
the same ; and draws the inference, as of the law, that thereby
the said *Davis* became discharged from the said first judgment
of said county court, and from said recognizance.

The *second* plea, stated that the defendants entered into said
recognizance, the said *Davis* as principal, and the said *Baylies*
as surety, and that the plaintiffs recovered the said judgment in
said county court ; yet, that at that time, and for more than sixty
days then next after, the said *Davis* owned and possessed divers
goods and chattels, sufficient to satisfy said judgment, and which
were liable to be taken to satisfy the same ; and there was no-
thing to impede their being taken, &c. and it was their duty to
use diligence, without this, that said *Davis* was poor, as alleged
in the said declaration, &c. Yet they neglected their duty,
and suffered *Davis* to dispose of the same goods and chattels
for other purposes ; whereby said *Baylies,* who was bail as afore-
said, became discharged, &c. the said *Davis* having become
poor, &c.

The *third* plea, after acknowledging, as before, the entering
into the recognizance and the rendition of the said first judg-
ment of said county court, proceeded to aver, that while
the plaintiffs might have had execution on the same, the said
*Baylies* requested the plaintiffs to take their execution forthwith,
and deliver the same to an officer for collection, to enforce col-
lection of said *Davis*, and thereby save said *Baylies* harm-
less, who was bail as aforesaid; which the plaintiffs neglected
and refused to do. But, at a subsequent period, the plaintiffs,
without the knowledge of said *Baylies*, brought their action of
debt upon said judgment, against the said *Davis*, and recovered
a *new* judgment, and caused said *Davis* to be committed to prison,
as in said first plea is mentioned, where he now remains, and is
poor, and wholly unable to pay, &c.

To these three pleas in bar there was a general demurrer, and
joinder in demurrer.

The judgment of the county court sustained the defendant's
pleas in bar; whereupon this writ of error was brought, and the
following errors assigned.

1. That the county court erred in adjudging the defendant's
pleas in bar sufficient to bar the plaintiff's action.

2. *The general error.*

*Upham*, for the plaintiffs in error. 1st. Are the facts set
forth in the *first* plea in bar sufficient to bar the plaintiffs' ac-
tion?

A plea in bar should show that the plaintiff never had any
cause of action; or, admitting that he had, insist that it is de-
termined by some subsequent matter. [1 *Chit. P.* 460.] This
plea admits the cause of action, and attempts to avoid it by sub-
sequent matter, to wit, the suit upon the judgment. This suit,
we apprehend, was no discharge of the former judgment, or of
the recognizance. A recognizance is an obligation of record,
which a man enters into before some court of record, or magis-
trate duly authorized; with condition to do some particular act.
[2 *Tidd p.* 983.---2 *Black. Com.* 465.] The condition of this
recognizance was, that the said Davis should prosecute his said
appeal to effect, and answer and pay all intervening damages,
occasioned to the said plaintiffs, by their being delayed, with
additional costs, in case the said judgment should be affirmed.
The plea admits that Davis did fail to prosecute his said appeal
to effect, and that he has not paid the intervening damages, or
additional cost. The only obstacle alleged in the plea against
the plaintiffs' recovery is, the suit upon the judgment. This we
conceive amounts to no bar.

In *Erby* vs. *Erby*, 1 *Salk.* 80, it was declared by the whole
court, that bringing debt upon a judgment was no waiver of a
lien created by it. This bond of recognizance was an under-
taking separate and distinct from the judgment. If, however,
the defendant, Davis, had paid and satisfied the judgment before
the commencement of this action, he had performed the condi-

*Washington,*
February
1826.

Hubbard *et al*
*vs.*
Davis *et al.*
tion of the recognizance, and the plaintiffs had no cause of action, at the time they sued. Nothing of this kind appears by the plea. It is not pretended that any part of the debt has been paid. The plaintiffs now remain wholly unsatisfied for the debt, damages and cost.

2d. We insist that the second plea in bar is also defective in substance.

1. If Davis was responsible at the time final judgment was rendered against him, the defendants are at liberty to show it in answer to our claim for intervening damages, but not in bar of the action, for they are answerable, at all events, for the additional costs. The plea, therefore, is bad, because it does not answer all that it assumes to answer. If an entire plea be bad in part, it is insufficient for the whole.—1 *Chit. P.* 521.

2. Mere delay to sue the principal does not affect the rights of the creditor against the surety. [*Powell* vs. *Waters,* 17 *Johns. Rep.* 176.—*King* vs. *Baldwin,* 2 *Johns. Ch. Rep.* 554.—2 *B. and Puller,* 45, 62.] A delay, therefore, to sue the maker of a note, after it has become due, does not discharge the endorser. In the *Trent Navigation Company* vs. *Harley,* 10 *East,* 34, Lord Ellenborough said, the only question was, whether the laches of the obligees in not calling upon the principal so soon as they might have done, amounted to an *estoppel,* in law, against the sureties. His lordship said he knew of no such *estopel.*

In *Davey* vs. *Prendergrass,* 7 *Com. Law. Rep.* 62, it was holden to be no defence to an action at law, on a bond against a surety, that by a parol agreement, time had been given to the principal. The action was debt on bond. The defendant plead that the plaintiff had, by parol agreement, without the privity of the defendant, given time to the principal debtors to pay by installments, and had taken a warrant of attorney to pay by monthly instalments of 100*l.* each. To this plea there was a demurrer, and joinder in demurrer. *Abbot,* C. J. said, "That a parol agreement of this nature can never operate to control the obligation of this bond in a court of law." The decisions, said he, which have taken place in the courts of equity, in cases of this nature, have always proceeded on the notion, that at law, the thing prayed for could not be done. *Best, J.* in the same case, declared it to be perfectly clear, that no delay on the part of the creditor, in calling upon the principal debtor, will, in a court of law, discharge the surety.

In *Orme* vs. *Young,* 1 *Holt's Rep.* 84.—3 *Com. Law Rep.* 35, it was said, that the neglect of the obligee to give notice to the surety, that the principal had made default, did not discharge such surety; but if the obligee, (without the privity of the surety,) enter into any engagement with the obligor, and *deprive himself of the power of securing him,* whereby the surety is prevented from coming into a court of equity for relief, he is thereby discharged, but not otherwise. The indulgence granted to a principal, which is to discharge a surety from his engagement, must be of that kind, by which the nature of the contract is

*Washington February, 1826.*

Hubbard *et al*
*vs.*
Davis, *et al.*

changed, or whereby the creditor, without the consent of the surety, and by his own act, puts it out of his own power to enforce the payment of the debt by his principal. It does not mean a mere forbearance to sue the principal, which a court of equity, on application of the surety, might direct him to do, on pain of his foregoing his claim against the surety.—*Buchanan* vs. *Bradley*, 4 *Harris & McHenry*, 41.—*Bryne* vs. *Ponny*, 3 *Dessanson*, 604.—*Craig* vs. *Bibb*, *Ky. Rep.* 309.—*Jones* vs. *Bullock*, *ib.* 467.—*Fulton* vs. *Mathew*, 15 *Johns. Rep.* 433.

3. The traverse is of an immaterial fact. [*Page* vs. *Johnson* et al. *D. Chip. Rep.* 338.] Consequently we may pass it over, and examine the other parts of the plea. If the introductory part of the plea contained a good defence to the action, and we wished to take advantage of this immaterial traverse only, we should have demurred specially.

3. *The third* plea is also insufficient to bar the plaintiff's action. 1st. From the facts set forth in the plea, it appears that the plaintiffs had no right by law, to an alias execution, on the judgment at the time the defendants allege in their plea, that the said Baylies requested them to take one out. 2d. The plea does not allege, that the said Baylies requested the plaintiffs to commence an action on the recognizance, the very instrument upon which the said Baylies was liable as surety. It was in the power of the plaintiffs, when the request was made, to have sued the recognizance, but it was not in their power to have taken an alias execution, because the time allowed by law for taking an alias execution had elapsed. 3d. The plaintiffs were not bound to notice the request. In *Wright* vs. *Simpson*, 5 *Ves.* 734, Lord *Eldon* said that he never understood, that as between the obligee and the surety, there was an obligation upon the former of active diligence against the principal. In *Dehoff* vs. *Tevebotts ex'r*, 3 *Yates' Rep.* 160, the Supreme Court of Pennsylvania recognized the doctrine, that a surety, joining in a bond, makes the debt his own, and has no power to give directions when the bond shall be put in suit. In the *Trent Navigation Company* vs. *Hailey*, and in *Peel* vs. *Talltoch*, 10 *East, & 1 B. & Pul.* the same doctrine is established. In *Hunt* vs. *United States*, 1 *Gallis.* 35, Judge Story said it was a sound principle that mere delay, unaccompanied with fraud or a *settled agreement* with the principal for that purpose, does not discharge the surety.

In *Brune* vs. *Administrators of Pough*, 4 *Dessans. Rep.* 604, the court of appeals of South Carolina said, a surety will be released, when an obligee *does an act* which varies the terms of the *original contract*, but a mere forbearance to sue is not such an act.

In *King* vs. *Baldwin*, 2 *Johns. Ch. Rep.* 554, Chancellor *Kent* held, that it was no defence to an action on a note against the the surety, that he had requested the payee of the note to commence an action against the principal while he was solvent. He said that all the cases of relief of surety have gone

Washington,
February,
1826.

Hubbard et al
vs.
Davis et al.

upon the ground, that *time was given to the principal by contract,* without the consent of the surety. The true doctrine, said he, is, that the surety is bound by the terms of his contract, and if the creditor, by *agreement with the principal debtor,* without the concurrence of the surety, *varies these terms,* by enlarging the time of payment, the surety is discharged; for he is injured, and his risk is increased."

In *Orme* vs. *Young,* before cited, *Gibb, C. J.* said, "This defence is borrowed from a court of equity; there if a day of payment be given to the debtor, the sureties are discharged. It is the equitable right of the sureties to come into a court of equity and demand to sue in the name of the creditor. Now if the creditor have given time to his debtor, the surety cannot sue him; but the fact to be tried, is, was time of payment given without the privity of the sureties? What is forbearance, and giving time? *It is an engagement* which *ties* the hands of the ereditor. It is not negatively refraining, not exacting the money at the time, but it is the act of the creditor, *depriving* himself *of the power of suing,* by something obligatory, which prevents the surety from coming into a court of equity for relief, because the principal having tied his own hands, the surety cannot release them." This doctrine is fully established by *Chancellor Kent,* in the case of *King* vs. *Baldwin,* before cited. The only case in favour of the principle contended for by the defendants, is that of *Paine* vs. *Packard,* 13 *Johns. Rep.* 174; that case was decided without argument, and probably without much consideration.; for *Judge Platt* one of the Judges, who concurred in that opinion, has since declared, that upon more full and deliberate investigation, he was convinced that that judgment was erroneous. [17 *Johns. Rep.* 396.] *Chancellor Kent,* in the case of *King* vs. *Baldwin,* overruled it, and gave the most satisfactory reasons for so doing.

*Baylies* for the defendants in error.—*First,* as to the sufficiency of the pleas in bar. In support of the first plea, he said a *scire facias* is a judicial writ, and a continuation of the same judgment; but not so an action of debt on judgment.—2 *Tidd,* 983.

There is an implied undertaking by every person against whom judgment is rendered, to pay such judgment. 3 *Black. Com.* 160. By suing *Davis* on the county court judgment, before Justice Ware, and recovering another judgment for the debt, damages and costs of the former judgment, all remedy on the former judgment is gone forever, and the recognizance with it.

The plaintiffs made their election to take this course, and must be bound by it. [6 *Johns. Rep.* 97.—7 *do.* 119.] A *cognovit* discharges bail.—1 *Taunt.* 159—4 *Taunt.* 455—15 *East,* 617.

Of the second plea, he said that by our law, bail is favoured. If he endorses the writ, the plaintiff must take out and deliver

his execution to an officer within 30 days. [*Stat.* 68.] *Scire facias* must issue within one year against bail. [*Stat.* 66.] So in case of bail for appeal, the plaintiff should use due diligence to collect of the principal, if the judgment be affirmed. In this plea it is averred, that the debt has been lost by the negligence of the plaintiffs; that is, they cannot now collect of the principal, which might have been done; and it is insisted, that it should be considered that the bail is discharged.

In support of this, and the 3d plea, he also cited 10 *Johns. R.* 594----7 do. 332----2 *Vesey, jr.* 543----6 *Ves. jr.* 734----*Hammond's Dig.* 563----13 *Johns. R.* 174---10 *East.* 34---*Holt's R.* 35.

*Secondly.* He objected to the sufficiency of the declaration.

1. It no where appears in the declaration, that Justice *Ware* had jurisdiction of the cause he tried. This should appear, 4 *Mass.* 642. In pleading, it is presumed the plaintiffs have made the best of their case.----5 *Dane,* 637, s 8, 11---*p.* 638, s 14.

2. The plaintiffs have not alleged that the recognizance was ever recorded. This is a fatal objection, (4 *Mass.* 643.) The forms require it, (7 *Wentworth,* 50, 80. *Nul tiel record* may be pleaded of the recognizance, as well as of the judgment.----7 *Wentworth,* 67–8, 77.

3. It is not alleged that the justice transmitted the recognizance to the county court, to be recorded. This has been decided to be necessary, (4 *Mass.* 643 and 7 *Mass.* 211.) The statute of Massachusetts is, in substance, like ours, as to appeals from a justice's court; and the decisions are, as is the practice at common law.---See 7 *Wentworth,* 59, 60.

HUTCHINSON, J. delivered the opinion of the Court.

After noticing the facts as above stated, he said, the defendants now contend, that by the recovery of the said judgment, upon the said first judgment of the county court, that *first* judgment of the county court is merged and gone. The authorities cited, to wit, from the 6th and 7th of *Johns. R.* come short of supporting this position. They merely show, that, when a creditor obtains judgment against his principal debtor, and also against the bail for appearance of such debtor, and imprisons the body of one, he has no right afterwards to imprison the other. It will be seen, that in such a case, the judgment against the bail is for not delivering the body, and is of course rendered for the whole debt. In the case before the Court, the recognizance was required and taken as collateral security: the plaintiffs' then future cost should be paid at all events, and his debt kept as secure as it then was, in case the plaintiffs should eventually recover. The very failure of the defendant, *Davis,* to recover in that suit, was a breach of this recognizance, and rendered the defendants liable upon it for something, at least for the costs arising after the appeal was taken. This liability is for the payment of money, not for the delivery of the body; and, though this liability may extend to the whole debt, by reason of the waste of *Davis's* property, yet it is not for the whole debt as

*Washington,* February, 1826.

Hubbard et al.

Davis et al.

*Washington,*
*February,*
*1826.*

Hubbard
*et al.*
*vs.*
Davis *et al.*

a matter of course, as in the case of bail, for delivering the body. This compares much better with the ordinary cases where there are several remedies for the same debt, which are deemed concurrent, until satisfaction once obtained. The objection might be as strong in case of a suit against the maker of an endorsed note and judgment rendered; another suit against the endorser and judgment therein, and an attempt to pursue both, against principals or bail. There, judgment would be in favour of the endorsee, for the full debt in both cases; yet no doubt is entertained but that he may pursue both, till he has obtained one satisfaction.

The defendants further contend, that the delay of the plaintiffs in pursuing *Davis*, especially after the request of the defendant *Baylies*, the surety, is a discharge of the said surety.

The case of *Paine* vs. *Packard*, 13 *Johns. R.* 174, and Judge Spencer's opinion, in *King* vs. *Baldwin*, 17 *Johns. R.* are relied upon.

The case of *Paine* vs. *Packard* has never been treated as sound law, not even by the court that made the decision. To follow that in this state, would be too great an innovation upon the common law. As soon as the note became due, both were liable to suit. And, if the creditor did not sue immediately, the surety might have paid the debt, and then have sued in his own name, for remuneration. The opinion of Junge Spencer in the case of *King* vs. *Baldwin*, is cited, for the reasoning it contains. But the decision in that case, seems to be, that the plaintiff does not lose his remedy against his surety, without some act by which he binds himself not to pursue the principal, at least for a time. That necessarily increases the risk of the principal, if he remains holden at all. Hence it is treated as a full discharge of the principal. The reason assigned for this course of decision, is, that the surety might apply to a court of chancery, to compel the creditor to sue the principal while he remains solvent, which right is defeated by such act of the creditor as suspends the suit. Now, it seems doubtful whether a court of chancery ought so to interfere, merely because the creditor delays to sue the principal, and there is danger of his approaching insolvency. It seems there ought to be added the total inability of the surety to raise money and pay the debt, so as to mature his cause of action against the principal, before the insolvency. For, without this, the remedy is worse than the difficulty to which it is to be applied. While the bill for relief is pending, the insolvency may become fatal to the debt, while the other course gives an immediate right of securing the debt, especially by our laws, where we sue by attachment.

Upon the whole, all the pleas in bar are holden insufficient.

The defendant, however, goes back to the declaration, and objects, that it is insufficient to found a judgment upon.

1. There is no averment that Justice *Ware* had jurisdiction of the first action. This, if a defect at all, would, according to 1st of *Chitty*, 355, citing *Gilbert* and *Salkield*, be a defect of form only, and require a special demurrer.

Further, the declaration describes what the action was, and avers *Ware* to be then a justice of the peace, and by that description, he would by law have jurisdiction. Hence, it does sufficiently appear, that he had jurisdiction.

Further, the pleas, not merely by implication, but by express averment, admit that the recognizance was taken, and judgment rendered, as stated in the declaration.

2. It is not alleged that the recognizance was ever recorded, nor

3. That the justice ever transmitted the record of the recognizance to the county court. The 4th and 7th of *Mass. R.* are cited in support of these two objections.

The powers of a justice of the peace in Massachusetts are very different from what they are in this state. In this state, he must by law record his proceedings, and the copies of his records, by him certified, are as valid evidence as those of the higher courts. In Massachusetts, the justice who takes a recognizance, transmits the original to the county court, and it is there recorded; and it is not treated as a matter of record, nor will debt lie upon it, till thus recorded in the county court. Here, the justice sends up no originals, but certifies copies of his record. And the averments here shown, accord with the facts which the law requires to exist.

With regard to the averments in this declaration, about the record of the recognizance, &c. it avers, "as by the records and proceedings of said court, (meaning said county court) in said court remaining, more fully and at large appears." And at the close, adds, "and the plaintiffs bring with them into court here, a true copy of the records and proceedings of the said writ, in the justice's court aforesaid, together with a true copy of the appeal and bond of recognizance, as taken as aforesaid, which testifies the debt due to the said plaintiffs, in manner and form aforesaid." These averments are a sufficient compliance with our law.—See 1st of *Chit.* 354--5.

> The declaration is adjudged sufficient, and pleas in bar insufficient. There is, therefore, error in the judgment of the county court, and the same is reversed, and the plaintiffs recover the debt; and, on chancering the recognizance, the plaintiffs are entitled, of course, to recover the cost that arose in the first action after the appeal was taken, and so much of their debt as they can prove they lost by the delay occasioned by the appeal.

*William Upham*, for the plaintiffs in error.

*Nicholas Baylies*, for the defendants in error.