May Term,
1829.

LOGAN
v.
SIGGERSON.

---

## LOGAN v. SIGGERSON.

Trespass de bonis asportatis. Plea, that the defendant, as a justice of the peace, had entered a fine against the plaintiff for an assault committed by him in the defendant's presence. *Held*, on demurrer, that the plea was bad, because it did not show but that the fine was imposed in the offender's absence.

*Wednesday,*
*May 27.*

APPEAL from the *Marion* Circuit Court.

SCOTT, J.—The appellee, who was plaintiff in the Circuit Court, declared against the appellant in an action of trespass for tortiously taking three saws and converting them to his own use. The defendant pleaded the general issue, which was afterwards withdrawn. He also pleaded specially, that at the time when, &c. he was an acting justice of the peace, and had full power and authority to inquire into, and in a summary way to punish by fine not exceeding three dollars, all trivial breaches of the peace, and to give judgment and award execution; that at the time when, &c., by consideration and judgment of the said defendant as justice of the peace, it was adjudged that the state of *Indiana* should recover against the said plaintiff the sum of two dollars as a fine, and fifty cents as costs, for an assault which he the said plaintiff had, in the presence and view of the said defendant, committed on the body of one *William Logan*, &c.; that he issued execution, and that the goods in the declaration mentioned were levied on and sold, &c. To this plea the plaintiff replied, that *William Logan* who, it is alleged, was assaulted, and *William Logan* the defendant, who as

a justice of the peace imposed the fine, are one and the same person, and that the said assault was not committed upon the said *William Logan*, when he was in the execution of his office as a justice of the peace.   General demurrer to this replication, and joinder.   Demurrer overruled.   Writ of inquiry and final judgment for the plaintiff.

The plea is defective.   It was not enough that the defendant should show, in his plea, that he had authority to impose a fine for an assault.   He should have shown, also, that he had caused the offender to be brought before him, and had thus obtained jurisdiction of the person, as well as of the crime.   For aught that appears in the plea, the fine might have been imposed in the absence of the offender, and without any notice to him of the amount of the fine, or even of its existence, till he was visited by the officer with the execution in his hand.   The replication is defective also; but the plea being bad, the defendant could not take advantage of it.   The demurrer carries us back to the first error.   Setting aside the parts which are defective, nothing remains but the declaration; and, as the plaintiff has the judgment below, it must stand.

*Per Curiam.*—The judgment is affirmed, with 1 *per cent.* damages and costs.

*Fletcher*, for the appellant.

*Wick*, for the appellee.