## CLEVELAND vs. ROGERS.

In justifying under an execution, issued by a *justice of the peace*, it is necessary to state the *statute* under which the justice acted, and that by virtue thereof he issued process, or that under it a plaint was levied.

When in pleading, the *facts necessary to give jurisdiction* are omitted to be stated, and it is only alleged that a judgment was rendered, and that an execution was issued *upon such judgment*, without setting forth the execution *verbatim*, so that the court may see whether it afforded protection to the *officer* who executed it, the officer will be considered a *trespasser*.

Leave will be given to the officer to *amend*, notwithstanding a verdict for the plaintiff, on the plea of *non cepit*, where the cause was brought to trial by the plainiiff in an action of replevin. Where the defendant brings the cause to trial, *it seems* that leave to amend would not be granted.

DEMURRER to avowries in replevin. The plaintiff declared in replevin for the taking of a horse, waggon and harness. The defendant pleaded *non cepit*, and also *avowed* the taking of the property, "because, on the 21st July, 1828, before J. W. P., one of the justices of the peace of the town of S., in the county of Washington, J. Carswell, and two others,

commissioners of highways of the the town of S., by the judgment and consideration of the said justice, recovered a judgment against M. Cleveland, the above plaintiff, for $12,53 damages and costs, *in a plea of debt*, which said cause of action was then and there *within the jurisdiction of the said justice ;* the said justice then and there had *full power and lawful authority* to hear, try and determine said cause, and to give said judgment in form aforesaid recovered ;" and that afterwards, to wit, on the 22d August, 1828, the said judgment remaining in full force, the said justice, *in pursuance of the statute* in such cases made and provided, granted *execution* upon the aforesaid judgment, directed to any constable in the county of W., commanding him to levy of the goods and chattels of the said M. C., the amount of the said judgment, and delivered the same to the defendant, he being one of the constables of the said county, to be executed according to law ; by virtue of which, he, the defendant, levied upon the goods in the declaration mentioned. There were two counts in the declaration, varying only in the *place* of taking, and two avowries similar in all respects. The plaintiff demurred to the avowries.

*C. L. Allen & S. Stevens,* for plaintiff. Sufficient is not alleged in the avowries to shew that the justice had jurisdiction of the *subject matter.* In pleading a judgment of a court of limited jurisdiction, it is necessary to state *the facts,* giving the court jurisdiction. In the avowries in this case it is not shewn that the judgment was rendered by virtue of any or either of the statutes, giving power to a *justice* to render a judgment, nor is it even alleged that he was holding a court when he rendered the judgment. 6 *Cowen,* 234. 5 *Wheaton,* 46. 10 *Johns. R.* 161. 19 *id.* 33. 15 *id.* 141. *Willes' R.* 119, 416. 1 *Saund.* 74, *n.* It is not enough to aver that the justice had jurisdiction ; it must appear affirmatively *how* he had jurisdiction. 3 *Cowen,* 206. 7 *id.* 442. 1 *Wendell,* 207. Nothing is to be intended in favor of the jurisdiction of courts of special and limited jurisdiction. *Willes' R.* 416. *Doug. R.* 17. 1 *Johns. Cas.* 20. 3 *Cranch,* 321. 6 *Cowen,* 234. After stating enough to shew jurisdiction, the plea may say

in general, *and such proceedings were had,* &c. The avowries being radically bad, the *officer* is not protected by the execution. 19 *Johns. R.* 7, 32. 2 *Wils.* 382. If he relied upon the process, he should have set it forth, *verbatim,* that the court might have judged whether it would protect him; this he has not done. The plaintiff having obtained a verdict on the plea of *non cepit,* the defendant is not entitled to amend. 18 *Johns. R.* 26.

*J. Willard,* for defendant. The avowries in this case are in the usual form, and such as have been approved. 12 *Johns. R.* 257. At all events, the defendant, acting as an *officer,* is protected by the execution; there is nothing in it to apprize him that the justice had not jurisdiction; it recites a judgment for *debt* and *costs.* A justice has power to render such a judgment, and whether it be on a *penal bond,* or for a *penalty* given by a statute, is immaterial.

*By the Court,* SAVAGE, Ch. J. The question is presented whether enough is set forth to shew that the justice had jurisdiction of the cause. The only allegations going to shew jurisdiction are, the fact that judgment was rendered in an action of debt, and the averment that the justice had jurisdiction.

The rule is supposed to be well setled, ever since the case of *Ladbroke* v. *James, Willes,* 199, that in pleading the proceedings of inferior courts or jurisdictions, it is not sufficient for the party to aver that such court had jurisdiction, but the facts must be stated which are necessary to confer jurisdiction. In that case the defendant pleaded a discharge by a court of quarter sessions, saying he *was duly discharged from his imprisonment aforesaid;* but it was not stated that he had ever surrendered himself, or was ever in prison; and as this was a fact necessary to give the sessions jurisdiction, the plea was held to be defective. In *Sollers* v. *Lawrence, Willes,* 416, the language of the court, in speaking of courts of limited jurisdiction, is this: " The rule is that nothing must be intended in favor of their jurisdiction, but that it must appear, by what is set forth on the record, that they had such juris-

diction." In *Service* v. *Hermance*, 1 *Johns. R.* 91, the defend-
ant pleaded a discharge under the insolvent act, and stated
the presentment of his petition, in conjunction with three
fourths of his creditors, and that such proceedings were
thereupon had that he was duly discharged. Spencer, jus-
tice, in giving the opinion of the court upon the validity of
this plea, says that the facts mentioned gave jurisdiction to
the officer, and that it was sufficient, in setting forth the pro-
ceedings of an inferior court, to say that *a plaint was levied*,
and thereupon, *taliter processum fuit*, that such an act was
done by the court. The case of *Ladbroke* v. *James* is cited
as good law. It is believed that every decision, from that
time to the present, has sustained the practice there laid
down. In *Mills* v. *Martin*, 19 *Johns. R.* 7, Spencer, Ch. J.
says, p. 36 : " It is one of the first principles of pleading, that
it is only necessary to state facts ; which must be done for
the information of the court, whose duty it is to declare the
law arising on those facts, and to apprize the opposite party
what is meant to be proved, in order to give him an oppor-
tunity to answer or traverse it. Facts only are to be stated ;
not arguments, or inferences, or matters of law." That was
an action of replevin for a pair of oxen, taken under a pro-
cess issued by a court martial for collecting a fine. The
avowry stated, that on the 16th May, 1818, a general court
martial was duly organized, and convened by general orders,
&c. issued pursuant to the acts of congress, referring to the day
when passed, without stating the title. Platt, justice, says :
" A special jurisdiction cannot be supported by such vague
references to authority. It might as well have been averred
that the court was appointed, and held according to law.
The law does not allow such a title to be set out, or such a
jurisdiction to be assumed in this summary form." It cannot
be necessary to multiply cases to prove this principle ; and,
testing the avowries now under consideration by this estab-
lished rule, *that facts must be shewn to give jurisdiction*, they
must be pronounced bad. It is merely stated in the avowries
that the plaintiffs therein mentioned recovered a judgment in
an action of debt. A justice of the peace at common law
has no jurisdiction in civil matters ; he is a mere conserva-

tor of the peace. It is only by virtue of the $50 act that he has jurisdiction in an action of debt, or any other civil action between individuals; but it is not stated that the justice, by virtue of that statute, issued any process, or held a court, or that the plaintiffs levied any plaint before him, in relation to any matter within his jurisdiction. According to all the decisions, the facts should have been stated, and the statute under which the justice acted. The avowries are therefore bad in substance; and as the process under which the officer acted was issued, as appears from the record, by a person having no jurisdiction of the subject matter, the process, as pleaded, shewing on its face no jurisdiction in the justice, is no justification to the officer. The true rule as to the liability of the officer is laid down by Ch. J. Thompson, in *Smith* v. *Shaw*, 12 *Johns. R.* 267. He says: "The general rule which appears to be laid down in the books is, that where the subject matter of any suit is not within the jurisdiction of any court applied to for redress, every thing done is absolutely void, and the *officer*, as well as the *party*, becomes a trespasser; but where the subject matter is within the jurisdiction of the court, and the want of jurisdiction is to the person or place, there the officer is excused, unless the want of jurisdiction appears on the process." There are loose *dicta* in many cases in our reports, where it is said, where the justice has no jurisdiction of the person of the defendant, as well as of the cause itself, the process is void, and *all parties* concerned in its execution are trespassers. Such *dicta* are certainly subject to this qualification, that an officer is excused, who acts under a process regular on its face, and in a case where the court or officer issuing it has jurisdiction of the subject matter, and such jurisdiction appears on the face of the process. 5 *Wendell*, 170. But it is not necessary, in this case, to discuss this subject, because the judgment here, under which the officer acted, is totally unwarranted, the justice having no jurisdiction of the subject matter, as the same is set forth in the avowries. The officer is not accountable for the errors of a justice; but he is bound to know that the justice had jurisdiction of the cause.

It was urged that the defendant should not have leave to amend, because he had gone to trial upon the plea of *non cepit.* Had the defendant brought on the cause to trial, there would have been force in the argument; but he could not avoid going to trial, unless by suffering a default. The avowries go to the whole cause of action ; and if a valid judgment can be shewn, the officer should have an opportunity of defending himself.

Judgment for plaintiff on demurrer, with leave to defendant to amend, on payment of costs.