ALBANY,
Oct. 1832.

Lawton
v.
Erwin.

</div>

---

### LAWTON *vs.* ERWIN and others.

*Debt* will not lie in the *name of the party* aggrieved, on a *constable's bond* given to the *The People;* the action should be *covenant* on the condition, in the name of the party, or *debt* in the name of *The People.*

In an action on a constable's bond, charging the defendant with neglect of duty in carrying an execution into effect, the facts necessary to give the justice who issued the execution jurisdiction, must be specifically stated—a mere general averment of jurisdiction in the magistrate is not sufficient : thus, where the statement of the party was that he had recovered the judgment in a court holden by and before A. B. a justice of the peace in and for the county of O., and having full power and competent authority to hold such court, and to render such judgment, *it was held* insufficient.

*It seems,* however, that where the breach is for not paying over money *levied* and *collected,* the constable and his sureties would not be permitted to say that the execution was issued without authority.

A breach in an action on such bond, that the constable *did not levy* the amount of the execution, or *take the body* of the defendant, is not good, without averring that the defendant in the execution had property upon which a levy might have been made, or that his body might have been found.

Charging that the constable *did not return the execution* within the limited time is a good breach, and well assigned.

DEMURRERS to declaration and pleas. The declaration is in *debt* on a *constable's bond.* The bond is stated to have been given by Erwin and the other defendants, his sureties, to *The People of the State of New-York, or unto such of them as might be interested in a condition thereunder written.* It is stated to bear date on the 5th March, 1828, and to be in the penal sum of $1000. The condition, after reciting that Erwin had on the

preceding day been elected a constable of *Scriba* for the ensuing year, is set forth to be, that if Erwin should pay, or cause to be paid to the persons interested, all such sums of money as he might receive, or become liable for, by reason, or on account of any execution or executions which he might receive for collection, then the bond to be void, &c. The plaintiff assigns six breaches : *First*, that on the 22d September, 1828, he recovered a judgment for $31,51, damages and costs, against one Ira Cross, " in a court holden by and before Willett R. Willis, the said Willett R. Willis then being a justice of the peace in and for the county of Oswego aforesaid, and having full power and competent authority to hold such court, and to render such judgment as aforesaid;" that on the 26th January, 1829, the justice issued an execution upon such judgment, directing the money to be levied of the goods and chattels of the defendant, and to be brought before him within ninety days, to render to the plaintiff; and for want of goods, to take the body, &c. ; that the execution was delivered to Erwin, to be executed in due form of law, and that he, by virtue thereof, *collected* the amount of the money directed by the execution to be levied, but that he *had not the money before the justice* at the return day of the execution. The *second breach* is substantially like the first. The *third breach* charges that the constable *levied* on the goods and chattels of Cross to the amount of the money directed to be levied ; yet, that he did not make the money, and have it before the justice. The *fourth breach* charges that he *did not levy* upon the goods and chattels of Cross, although sufficient could be found whereon to levy. The *fifth breach* charges that he did not levy the money or take the body of Cross, without averring that Cross had goods whereon a levy might have been made, or that he might have been found ; and the *sixth breach* charges that the constable did not within ninety days *return the execution.*

The defendants plead, 1. As to the four breaches *nil debent;* 2. That the bond declared on was not executed " before the supervisor or town clerk of the town of Scriba," according to the requirements of the statute ; and 3. They demur to the *fifth* and *sixth* breaches assigned by the plaintiff. The plaintiff demurs to the *second plea*, and both parties join in demurrer.

*J. A. Spencer*, for the plaintiff.

*M. T. Reynolds*, for the defendants.

ALBANY,
Oct. 1832.

Lawton
v.
Erwin.

*By the Court*, Sutherland, J. The *bond* in this case is in the form which this court, in *Warner and others* v. *Racey*, 20 *Johns. R.* 74, said was correct, and the *condition* is substantially that prescribed by the act, 2 *R. L.* 126, § 1. In *The People* v. *Holmes & Caswell*, 2 *Wendell*, 281, it was again held, that a penal bond *to the people of the state of New-York*, was a substantial compliance with the act, and that any person embraced in the condition might maintain an action on the bond *in the name of the people*, to recover the amount for which the constable had become responsible to him. In *Dutton* v. *Kelsey and others*, 2 *Wendell*, 615, the security was not in the form of a penal bond to the people, but an agreement on the part of the constable and his sureties, under seal, to pay to each and every person such sum of money as the said constable should become liable to pay, for or on account of any execution which might be delivered to him for collection. We held this to be the form of the instrument intended by the statute, though it was again said, that as no particular form was prescribed, a bond to the people would be sufficient, if the condition complied substantially with the statute. In *The People* v. *Holmes and others*, 5 *Wendell*, 191, the security was again in the form of a penal bond to the people, and the action was brought in their name by the party aggrieved, and it was again said that the form of the bond and the action were well enough. It was contended in that case that the action could not be maintained in the *name of the people*, but that covenant should have been brought on the condition in the name of the party injured. It was held that although covenant might undoubtedly be maintained, yet there was no objection to the action of debt in the name of the people, the obligees. In the case in 20 *Johns. R.* 74, the bond was given to the "people of Niagara county," and the suit was brought in a justice's court in the name of the party aggrieved, who there recovered. The judgment was reversed in this court, on the ground that there was no evidence of any breach of the condition. The court

also say the bond is not in the form contemplated by the stat‑ute ; that it should have been given to the people of the state of New-York, and not to the people of Niagara county.   But whether that would have been held fatal to the action, if there had been no other objection, is left doubtful.   In the case at bar the question is distinctly presented, whether a party in‑terested in the condition of a constable's bond can maintain *debt* upon it *in his own name*, where the bond is given to the people.   That he could maintain *covenant* upon the condi‑tion, there can be no question.

The plea demurred to is admitted to be bad.   The provision of the statute, 2 *R. L.* 126, § 1, which directs the security re‑quired from the constable to be executed before the supervisor or town clerk, is merely directory to the officer, and a strict compliance with it, is by no means essential to the validity of the bond.   This has been repeatedly held by this court in analogous cases.

The 5th breach, it will be observed, does not aver that the defendant in the execution had property upon which the con‑stable might have levied, nor that the body of the defendant in the execution might have been found.   It simply alleges that the constable did not levy the amount of the execution, nor take the body.   No breach of duty in the constable is shown ; much less that he had become liable for the amount of the execution, or any part thereof.   This the plaintiff was bound affirmatively to show, in order to sustain an action upon this bond against the constable and his sureties.   If the defend‑ant in the execution had no property, and was not to be found within the jurisdiction of the constable, then the defendants certainly are not responsible, under the condition of their bond ; and those facts not being averred, are not to be presumed, par‑ticularly against sureties.   On this ground, therefore, this breach is bad, and the demurrer is well taken.

The 6th breach is merely for not *returning* the execution. It appears to have been holden that such omission renders the constable liable for the amount of the execution, 13 *Johns. R.* 191, 14 *id.* 255, 20 *id.* 356, under the 13th section of the act of 1813, 1 *R. L.* 395, and also under the act of 1824. The revised statutes, 2 *R. S.* 253, § 159, are much more ex‑

plicit upon this subject than the previous acts. The condition of the bond is, that the constable shall pay to the persons interested all such sums of money as he may receive, *or become liable for*, by reason, or on account of any execution which he may receive for collection. The section of the revised statues referred to provides, that if a constable shall neglect to return an execution within five days after the return day thereof, the party in whose favor it was issued may maintain an action of debt against such constable, and shall recover therein the amount of the execution, with interest from the rendition of the judgment. This provision is much more explicit than any contained in the previous acts of 1813 and 1824. Under those acts the liability of the constable for omitting to return an execution, is a mere matter of inference from the proviso to the 13th section of the first, and 17th section of the other act already referred to. 13 *Johns. R.* 191. 14 *id.* 255. 20 *id.* 356. The demurrer to this breach is therefore not well taken.

The declaration is undoubtedly defective in not alleging the facts necessary to give jurisdiction to the justice in the cause in which the execution was issued, and in relation to which the defendants are sought to be charged for the neglect of the constable to perform his duty. The recent case of *Cleveland* v. *Rogers*, 6 *Wendell*, 438, briefly reviews the cases upon this subject, and lays down the rule very clearly and explicitly. A mere general averment of jurisdiction in the magistrate is not sufficient, but the facts necessary to give such jurisdiction must be specifically stated. Several of the breaches, however, allege that the constable levied and collected the money under the execution. It is not competent for him or his sureties to say that the execution was issued without authority, when they are called upon to account for the money which the constable has received by virtue of it. Where the breach consists in the omission to carry the execution into effect, different considderations might apply. As the constable would be a trespasser in enforcing an execution, where the magistrate by whom it was issued had not jurisdiction of the subject matter, it is necessary that such jurisdiction should be shown,

ALBANY,
Oct. 1832.

in order to establish the fact of a breach of duty on the part of the constable in neglecting or refusing to act under it.

There were other specific objections raised to the declaration, which appear to me to be without force, at least upon general demurrer. But the insuperable difficulty in this case, and which is fatal to the action in this form, is, that *debt* will not lie upon this bond *in the name of the plaintiff*. It should have been covenant on the condition, or the action should have been brought in the name of the people, the obligees. The general principles of pleading are against the action in this form, and we find no case in which it has been sustained.

<div align="right">Judgment for defendant.</div>