By the Court,

Beardsley, J.
In order to maintain this suit,
the plaintiff was bound to show that the constable had become liable to pay the whole or some part of the money for which the execution was issued. Such are the precise terms of the instrument executed by the defendants, and so is the statute on the subject. (1 R. S. 346, § 21.), A constable may serve an execution which is regular on its face, although issued upon a judgment rendered without jurisdiction; for.he may rely upon his process, and is not bound to see that jurisdiction has been acquired.(a) But although such is the right of the officer, he is under no legal obligation to serve the process; and its invalidity is always a good answer to an action brought against him for refusing to execute it. (Earl v. Camp, 16 Wend. 567, 8, and the cases there cited.) (b)
Process from a court of special and limited authority cannot be deemed valid in favor of the party who procured it to be issued,(c) until it is shown that complete jurisdiction existed. *37 Hence, to make out a right of action in the present case, the plaintiff was bound to show that the justice who rendered the judgment on which the execution issued, had jurisdiction of the subject matter and of the person of the defendant.(d) The declaration shows that the justice had jurisdiction of the subject matter, for it alleges that the action was brought to recover the amount, of a promissory note; but it fails to show that jurisdiction over the person had been acquired. For this purpose it was necessary to aver either that the party appeared, or that process was sued out and duly served on him. The declaration contains no averment of this nature, and the judgment of the court below should be reversed.
Judgment reversed.(e)

а) See The People v. Warren, (5 Hill, 440;) Noble v. Eastman, (id. 194;) and Andrews v. Morris, (1 Adol. & Ellis, 4, N. S.)

 See Horton v. Hendershot, (1 Hill, 118, 120,) and the cases there, cited in note (c).

 See Harriott v. Van Cott, (5 Hill, 285;) and Carratt v. Morley, (1 Adol. & Ellis, 18, N. S.)

 As to the necessity of alleging and proving .the judgment in this and similar cases, and when it will be dispensed with, see Lawton v. Erwin, (9 Wend. 233, 237;) Dakin v. Hudson, (6 Cowen’s Rep. 221;) Elliott v. Cronk’s adm’rs, (13 Wend. 35, 40;) Cowen & Hill’s Notes to Phill. Ev. 1078 ; 2 Saund. Rep. 101, note (2).

 It has been said, if not decided, that in declaring upon a justice’s judgment the facts necessary to show jurisdiction over the person of the defendant need not be averred; while at the same time the rule was admitted to be otherwise in regard to a plea. (Stiles v. Stewart, 12 Wendell, 473; Smith v. Mumford, 9 Cowen, 26; Roger v. Davis, 1 Aik. Rep. 296.) The principle of this distinction is not readily perceived, nor have I been able to discover that it has any foundation in the English cases. True, .according to .the latter, a concise mode of setting forth the judgments of inferior courts is permitted; but the rale is no less applicable to a plea, than to a declaration. It allows the pleader to begin by stating that a plaint was levied &c.—this being the process by which suits are ordinarily commenced in those courts—and then, instead of detailing the whole of the intermediate proceedings, as was at one time required, he may say, taliter processum fuit &c. (1 Saund. Rep. 92, note (2); Rowland v. Veale, Cowp. 18; Ladbroke v. James, Willes’ Rep. 199; Sollers v. Lawrence, id. 413; Comyn’s Dig. “Pleader” (E 18); Arch. Pl. 148 a, Am. ed. of 1838.) The case usually cited from the English books to maintain that a declaration upon a judgment of an inferior court need not show jurisdiction over the person, nor even mention the process by which the suit was commenced, is that of Murray v. Wilson, (1 Wils. Rep. 316.) There, however, it was alleged that the defendant had commenced a suit against the plaintiff, in which the latter obtained judgment of nonsuit for his costs; and the declaration was upon that. The court seem to have thought that it was entirely immaterial, under such circumstances, whether the process was legal or not; and they accordingly held the declaration sufficient. The decision, however, can hardly be deemed an authority for say *38 ing that the same form of declaring may be resorted to hy the party who commenced the suit in the inferior court. (See Read v. Pope, 1 Cromp. Mees. & Rosc. 302, and the cases there cited by Kelly, arguendo.)
In the case of Stiles v. Stewart, supra,'the objection was taken by way of motion in arrest, so that the only point legitimately presented was, whether the general form of declaring there resorted to could be sustained after verdict. Perhaps the case of Smith v. Mumford is to be regarded in the same light. If so, the result at which the court arrived in both instances accords with established principles, and is supported by several adjudged cases. (Lewis v. Weeks, 1 Show. 71; Carth. 85, S. C.; Bull v. Steward, 1 Wils. 255: Bentley v. Donnelly, 8 T. R. 127; 2 Saund. Rep. 101, note (2); and see Sherwood v. Chase, 11 Wend. 38; Chapman v. Smith, 13 Johns. Rep. 78; Pangburn v. Ramsay, 11 id. 141, 143.) But the question becomes essentially different when the objection is properly and' seasonably interposed by demurrer. It was thus taken in Lawton v. Erwin, (9 Wend. 233,) which was precisely like the case reported in the text, except that the declaration did not show jurisdiction of the subject matter, though it averred that the justice had full power and lawful authority to render the judgment. The court held that this would not answer, but that the facts necessary to give jurisdiction should have been specifically stated ; and they referred to Cleveland v. Rogers, (6 Wend. 438,) as laying down the true rule on the subject. A similar decision was made in Dakin v. Hudson, (6 Cowen, 221,) where the .declaration was against a sheriff for the escape of one taken in execution upon a surrogate’s decree; and the court said. “ The pleading, relying on a proceeding of an inferior jurisdiction, must set forth the facts necessary to give jurisdiction; and it may then say, taliter processum fait, &c. Such summary proceedings are contrary to the course of the common law. The surrogate’s court is entirely a creature of the statute. It should be shown to the court affirmatively, therefore, that the surrogate had power to make the decree; that the facts upon which he acted gave him jurisdiction of the subject matter and of the persons before him.”
The general doctrine was directly applied to a declaration upon the proceedings of an inferior court in Sollers v. Lawrence, (Willes’ Rep. 413,) and it has been thus applied in various other instances. (See Bridge v. Ford, 4 Mass. Rep. 641; The People v. Koeber, post, p. 39; The People v. Young, post, p. 44; The People v. Brown, 23 Wend. 47, 48; Sheldon v. Hopkins, 7 id. 435; Wheeler v. Raymond, 8 Cowen, 314; Kibbe v. Kibbe, Kirby’s Rep. 126.) The cases proceed upon the broad principle that nothing is to be intended in favor of the authority of such a court; but that the party seeking to avail himself of its proceedings must show affirmatively that it had complete jurisdiction. This will be found supported as a rule of evidence by an almost unbroken series of adjudications, (Cowen & Hill’s Notes to Phill. Ev. 906, 1013, Bloom v. Burdick, 1 Hill, 130,) and is equally maintainable, it is believed, as a rule of pleading. (See Starr v. Trustees of Rochester, 6 Wend. 566, 7; Cleveland v. Rogers, id. 438; Hart v. Seixas, 21 id. 40; Hoose v. Sherrill, 16 id. 33, 37 et seq., and the cases there cited; Mills v. Martin, 19 Johns. Rep. 7, 33, 4, 5; Van Etten v. Hurst, 6 Hill, 311, 314; Sackett v. Andross, 5 id. 327; Bromley v. Smith, 2 id. 518; Dakin v. Hudson, 6 Cowen, 221; Wyman v. Mitchell, *39 1 id. 316; Ladbroke v. James, Willes' Rep. 199; Moravia v. Sloper, id. 30; Logan v. Siggerson, 2 Blackf. Rep. 266; Evans v. Munkley, 4 Taunt. 48; Peacock v. Bell, 1 Saund. Rep. 74; Read v. Pope, 1 Cromp. Mees. & Rosc. 302; Powell v. Ancell, 3 Mann. & Grang. 171; Caudle v. Seymour, 1 Adol. & Ellis, 889, N. S.)
The allegations showing jurisdiction of the person will of course vary according to the mode of proceeding prescribed for and adopted by the inferior court; and it is scarcely necessary to mention that the precedents to be found in the English books on pleading are not to be too closely followed in this respect. In setting forth the judgment of a justice of the peace, the pleader should pursue the course indicated by the ease reported in the text; that is, begin by alleging the issuing and service of the summons or other process by which the suit was commenced, and then pass to the rendition of the judgment by a taliter processum fuit’ &c. (See Hoose v. Sherrill, 16 Wend. 33; Cleveland v. Rogers, 6 id. 438.) If jurisdiction in the case was acquired independently of the process, as by the party appearing and joining issue upon the merits, the pleading should state the matter accordingly. (See Cornell v. Barnes, reported in the text, in connection with Onderdonk v. Ranlett, 3 Hill, 323, 327, and the cases there cited.)