ISRAEL B. GRANT V. A. BLEDSOE.

Where the petition in a suit on a judgment of a Justice of the Peace of the State of Missouri (not a Court of Record in said State,) averred that the Justice had jurisdiction of the person and the subject matter, and that his Court was created by, and he held the same under, the authority of the statutes of the State of Missouri, it was held that the petition was bad on general demurrer, because it did not plead or set out any special statute which gave the jurisdiction.

Quere, as to the mode of authenticating or proving the judgment of a Justice of the Peace of another State, not a Court of Record.

Error from Dallas. Tried below before the Hon. Nat. M. Burford.

The judgment of the Justice was rendered on the 1st of December, 1854. The authentication of the transcript was by the certificate of the Justice of the Peace, without seal, that it was a true copy; certificate of County Clerk, with seal of said Court, of the capacity of the Justice and that his certificate was in due form of law and genuine; certificate of the presiding Justice of the County Court, of the capacity of the Clerk and that his attestation was in due form of law; certificate of the County Clerk, with seal of said Court, of the capacity of the

presiding Justice. The demurrer was general, without specification.

*Crockett & Guess*, for plaintiff in error. Beal v. Smith, 14 Tex. 305, and the case of Thomas v. Robinson, 3 Wend. R. 267, are our authorities for bringing this suit. We brought it, intending to comply with the rule indicated in Beal v. Smith, by showing affirmatively that Justices' Courts in the State of Missouri, are a creation of the statute, and then producing and proving the statute under which they hold their Courts. It is not pretended that Justices' Courts in the State of Missouri are Courts of record. If they were, as intimated by the Court in Beal v. Smith, a different question might be presented.

But it was intimated in the Court below, that the Justice's Court must appear to be a Court of record, or no suit can be instituted upon its judgment in our State. (See Beal v. Smith, before cited.)

*McCoy & Nicholson*, for defendant in error. The Court was right in sustaining defendant's demurrer. Plaintiff's petition presents no cause of action. The suit was brought upon a transcript from the Court of a Justice of the Peace in Missouri. The record is not authenticated as required by Act of Congress of May 26, 1790; (Hart. Dig. p. 990;) nor indeed can it be. The judicial proceedings referred to in said Act are understood to be proceedings of Courts of general jurisdiction. (1 Greenl. Ev. § 505.) And it has been held that judgments of Justices of the Peace were not within the meaning of these statutory provisions. (Snyder v. Wise. 10 Barr, 157; Warren v. Flag, 2 Pick. 448; Robinson v. Prescott, 4 N. Hamp. 450; Mahurin v. Bickford, 6 Id. 567; 5 Ohio, 545; Thomas v. Robinson, 3 Wend. 267.) The seal of the Court does not appear to the record. (Turner v. Waddington, 3 W. C. C. 126.) If the Court had no seal, that fact should appear in the certificate of the Clerk or Judge. (Craig v. Brown, Pet. C. C. R. 353.) The Clerk of the Court must certify to the record, and a Deputy Clerk or Clerk of any other tribunal being held insufficient, incompetent for this purpose. (Sampson v. Overton, 4 Bibb, 409; 3 Barr, 495; 1 Overt. 328.) In 14 Tex. R. 311, the Court say: If it had appeared that Justices' Courts of another State were elevated to the character and dignity of Courts of record, it would have been

different. But plaintiff had no averment which would admit such proof.

HEMPHILL, CH. J. This was an action on a judgment by a Justice of the Peace in the State of Missouri. A transcript of the judgment was filed as a part of the petition ; and by amendment, it was averred that the Justice had jurisdiction of the person and the subject matter, and that his Court was created by, and he held the same under, the authority of the statutes of the State of Missouri. On demurrer the petition was dismissed.

There appears to be no error in this judgment. The effect of the rule, as laid down in Beal v. Smith, 14 Tex. R. 305, is, that the plaintiff must not only aver the jurisdiction of the Justice of the Peace of another State, but in pursuance of the rule in pleading the proceedings of inferior jurisdictions, he must aver the facts which confer authority ; or, in other words, he must plead the statute of the sister State which gives the jurisdiction. (3 Wendell, 267.) In 7 Wendell, 435, it is said that the statute which gives jurisdiction to the Justice should be pleaded. (6 Wendell, 438.)

The plaintiff does not set out any special statute, but pleads generally that the justice had authority under the statutes of the State, an averment which has little more precision than a simple general averment of jurisdiction. On this ground it is believed that the demurrer was properly sustained.

The question raised as to the want of sufficient authentication was not discussed by the plaintiff in error ; and though it has been considered with some attention, yet until more fully argued, we decline the expression of opinion as to the proper mode of proving judgments rendered by a Justice in another State.

Judgment affirmed.