JACKSON, ex dem. Bigelow, *vs.* TIMMERMAN.

Whether a deed executed by a parent to his child in consideration of *natural love and affection* is fraudulent or not, as against creditors, is a *question of fact* for a jury.

There is no such thing as *fraud in law*, as distinguished from *fraud in fact;* what was formerly considered as fraud in law, or *conclusive* evidence of fraud, and to be so pronounced by the court, is now held to be but *prima facie* evidence, to be submitted to and passed upon by the jury.

THIS was an action of ejectment, tried at the Oneida circuit in April, 1830, before the Hon. NATHAN WILLIAMS, one of the circuit judges.

The lessor of the plaintiff claimed the premises in question, 100 acres of land, by virtue of a purchase made by him at a *sheriff's sale* on an execution under a judgment in favor of A. Haring, against George G. Klock, docketed 6th November,

1817 ; the execution was returnable in October, 1827, on which the sheriff was directed to levy $308,43, a balance due in 1824. The sale took place on the 5th November, 1827, and the sheriff's deed bore date 10th February, 1829. The defendant claimed to hold the premises under a deed executed by *George G. Klock*, to his *daughter* Maria, the wife of the defendant, bearing date 26th January, 1814, in consideration of natural love and affection. Since 1817, the premises had been occupied as a farm by the tenants of the defendant. In 1814, George G. Klock was the owner of *real estate* worth about $4000 besides the premises in question, which were then worth $500 ; he also possessed considerable personal property. From 1808 until 1822, he was but little indebted to any one, except that he was engaged in an expensive law suit, having embarked with several others in a number of ejectment suits, for the recovery of a valuable property, which, in 1819, were decided against him, in the court of the last resort ; after which he was involved in a suit in chancery with his co-claimants, relative to the expenses of the suits, and in 1822, a decree passed against him for $3000. *Haring*, the plaintiff in the judgment, under which the lessor of the plaintiff purchased, was the *attorney* of Klock in the ejectment suits ; the suit in his favor, was commenced in 1816, for his *fees*, and he recovered judgment for $1387,69. J. Kirkland, another of the attornies and counsel of Klock and the other claimants, also recovered a judgment against Klock and the others in 1819, for *fees* amounting to about $1000.

The judge charged the jury that the deed to the wife of the defendant being voluntary, was to be deemed in law fraudulent and void as against *Haring*, who at the time was a *creditor* of the grantor, and as to the lessor of the plaintiff, who had succeeded to his rights ; that the question as to the validity of the deed did not depend upon the solvency or insolvency of the grantor at the time of its execution, or whether he was or was not at that time embarrassed in his circumstances, and that the plaintiff was entitled to their verdict ; the jury found accordingly. The defendant moved for a new trial.

ALBANY,
Oct. 1831.

Jackson
v.
Timmerman.

*C. P. Kirkland,* for defendant. The deed to the wife of the defendant was a good and valid deed. It was intended to be impeached on the ground of fraud, the question, whether fraudulent or not, should have been submitted to the jury. Fraud, or no fraud, is a question of fact, and like all other questions of fact must be submitted to the jury. 8 Cowen, 428. 4 Wendell, 303. Besides, at the rendition of the judgment in favor of Haring, Klock had no interest in the land upon which the judgment could attach; at that time also and at the time of the sheriff's sale and deed, the land was holden by the defendant adversely.

*J. A. Spencer,* for plaintiff. In the cases cited from Cowen and Wendell, there was no evidence of indebtedness to any amount at the time of the conveyances alleged to be voluntary; here the grantor was involved in a controversy, the expenses of which exhausted his whole substance. The deed, therefore, was void. 3 Johns. Ch. R. 480. 5 Cowen, 67. 14 Johns. R. 493.

*By the Court,* SUTHERLAND, J. The judge erred in deciding as a *question of law,* that the deed from George G. Klock to his daughter, the wife of the defendant, was fraudulent and void against the then existing creditors of Klock, on the ground that it was voluntary. Whether fraudulent or not, was in this, as in all other cases, a question of fact for the jury. There is no such thing as fraud in law, as distinguished from fraud in fact. What was formerly considered as fraud in law, or *conclusive* evidence of fraud, and to be so pronounced by the court, is now but *prima facie* evidence, to be submitted to, and passed upon by the jury; *Seward* v. *Jackson,* 8 Cowen, 406, in the court of errors, and *Jackson* v. *Peek,* 4 Wendell, 303. On this ground a new trial must be granted.

If the deed from Klock to his daughter should be found to have been fraudulent, then it was absolutely void *ab initio,* and the other points suggested by the counsel for the defendant cannot arise.

New trial granted, costs to abide the event.