ALBANY,<br>Oct. 1834.<br><br>Stiles<br>v.<br>Stewart.

---

STILES *vs.* STEWART.

In *declaring* on *justices' judgments* rendered in this state, it is sufficient, bebesides stating the amount of the judgment, the time and place of its rendition, and the name of the magistrate, to allege that the judgment was rendered in a justice's court in a county of this state, in an action of which justices of the peace have civil jurisdiction.

MOTION *in arrest of judgment.* The plaintiff declared in *debt* on a justice's judgment rendered in this state, setting forth that whereas, on the 14th day of December, 1819, in a certain court of the people of the state of New-York, commonly called a justice's court, (the said court being held at Salem, in the county of Washington, before one David Sill, Esq., one of the justices of the peace of the people of the state of New-York,) he, the plaintiff, by the consideration and judgment of the said court, recovered against the defendant the sum of $68 89 cts. which, in and by the same court, was then and there adjudged to the plaintiff for his damages, which he had sustained as well by reason of the non-performance of certain promises and undertakings then lately made by the defendant to the plaintiff, as for his costs and charges by him about his suit in that behalf expended ; whereof the defendant was convicted, as by the minutes and proceedings thereof remaining in the said court of the people before the aforesaid

justice, to wit, at Salem aforesaid, more fully appears. Then followed the usual averments, that the judgment remained in full force, and that the plaintiff had not obtained execution or satisfaction of the judgment, whereby an action had accrued, &c.; and concluding in the usual form, that the defendant had not paid, &c.

*W. Woods*, for the defendant, insisted that the declaration was defective in not alleging enough to show that the justice who rendered judgment had jurisdiction of the subject matter, and of the person of the defendant. He relied particularly upon the case of *Cleaveland* v. *Rogers*, 6 Wendell, 438, and argued that it should have been averred that the justice, by virtue of the statute conferring civil jurisdiction upon justices of the peace, upon a plaint levied before him, had issued process against the defendant, or that the justice had held a court in relation to a matter within his jurisdiction, and rendered the judgment sought to be enforced. Here there is not even a general averment of jurisdiction in the justice.

*C. P. Kirkland*, for the plaintiff.

*By the Court*, NELSON, J. The rule laid down by the chief justice in *Cleaveland* v. *Rogers*, 6 Wendell, 438, so far as the judgments of the justice's courts of this state are concerned, must be considered as confined to the case of an *avowry* or *other pleading* subsequent to the *declaration*, there being various instances in which greater certainty is necessary in a *plea* than in a *declaration*, and more certainty being required in a *replication* than in a declaration, though certainty to a common intent is in general sufficient. 1 Chitty's Pl. 514, 624. See also 1 Johns. R. 384, and 10 id. 372, 428.

The acts of the legislature of this state, conferring civil jurisdiction upon justices of the peace, and authorizing them to take cognizance of certain actions, is a public act, of which the court is bound to take judicial notice. Looking into the declaration in this case, with reference to these acts, it cannot but be perceived that the justice had jurisdiction of the case, and was competent to render the judgment sought to be

enforced. By the act of 1818, he had authority to render judgments upon confession, to the amount of $250. In the case of a declaration on a foreign judgment of a subordinate tribunal of limited jurisdiction, no doubt the authority under which the judgment was rendered should be set forth, as in that way alone can this court be advised of the jurisdiction of the court rendering the judgment. 7 Wendell, 436. A decclaration substantially like the one under consideration was adjudged good in *Smith* v. *Mumford*, 9 Cowen, 26.

Motion in arrest denied.