Mr. Chief Justice Sharkey
delivered the opinion of the court.
It seems that on the 10th of December, 1841, the defendants in error recovered a judgment in the circuit court of Adams county, against the plaintiffs in error, for $>1448. The record shows that at the May term, 1842, a motion for a new trial was over *322 ruled, and a bill of exceptions taken. By the bill of exceptions it appears, that a few days after the rendition of the verdict, and during the same term of the court, the defendants below entered a motion on the docket for a new trial, on the ground of newly discovered evidence, and accompanied the motion by a petition, and the affidavits of the witnesses, which petition was sworn to by one of the defendants ; that notice of the motion was duly given to the counsel for the plaintiffs below, and that after the trial of the cause, and before the motion for a new trial was called for hearing, the judge who presided at the trial, interchanged his circuit with another judge, according to the provisions of the statute, who presided for the balance of the term, or at least until the motion for a new trial was called. But as he had not presided at the trial, he refused on that ground to hear and decide the motion, and ordered that it should be continued. At the May term, 1842, the judge, before whom the cause was tried had returned to his circuit, and the motion being again called in its order on the docket, he refused to hear and decide it on its merits, on the ground that it should have been determined at the previous term of the court, at which the trial had taken place, and accordingly he ordered that it should be overruled.
A preliminary objection is raised to the bill of exceptions on the ground that it is incompetent for a judge of the circuit court, by reciting in the bill of exceptions a fact which had transpired at a previous term, to make that fact a part of the record, when in the records of the previous term, such fact does not appear. Or, to present the question in a different form, that the judge, at May term, 1842, could not certify and make a part of the record facts which had transpired in 1841, before a different judge. The answer to this objection is obvious. A bill of exceptions is a judicial certificate of record, importing verity on its face. When, therefore, a circuit judge, by bill of exceptions, certifies to us a fact, we must take it as a fact. If it be in relation to something which did not transpire before him, then we must presume that he had proof of it. When the judge signed a bill of exceptions certifying to us that the de *323 •fendants had made a motion at a previous term, accompanied by the affidavits, and that the judge refused to decide the motion because he had not presided at the trial, andón that ground continued it, we must suppose that he had evidence of the facts which he states; or I should rather say that we can indulge no supposition about it; it comes to us as a fact which requires ho presumption in its favor; and which admits of no evidence to question it. A circuit judge should never permit anything to be incorporated in a bill of exceptions, which did not actually transpire before him, or which is not fully proven, and we cannot presume a departure from duty. The counsel for the defendants in error has cited an authority which is decisive against him on this point. It is that “ matter of record is to be proved by the record itself.” 3 Tomlins, 300. Or to use another maxim, a record proves itself. This is conclusive, when it is considered that a bill of exceptions is as much a record as any other part of the proceedings; so we regard this objection as unavailing.
Before we can properly proceed to the merits of the application for a new trial, another question presents itself, which deserves some consideration. Indeed, this we presume, is the main question which inriuenced the mind of the court below in overruling the motion. It is this; can a motion for a new trial be continued from the term at which the verdict was rendered, until the next succeeding term I In the absence of fixed rules» of practice for the government of our courts, we must determine this question by the English practice. Motions for new trials ,are denominated special motions, and on the showing of the party making the motion, a rule nisi is usually granted, calling ■on the opposite party to show cause against the motion. A day is assigned for making and deciding these motions, but they are frequently permitted to stand over for the accommodation of parties. And if the party who obtains the rule is not ready to support his motion, he may move to enlarge the rule till a future day in the same term, or until the next term, and when so enlarged they are set fora peremptory call. 1 Tidd’s Practice, 501-505. This enlarging the rule is said to be very much *324 a matter of coarse when it is the party’s own delay, but where it is not, there must be some evident necessity for it. This is a direct authority in support of such continuance, when it is ordered by the court. Where there has been no such order, the motion would expire with the term of course, lb. 502. The only difference between a motion here and under the English practice is, that in our courts the motion is for a rule absolute in the first instance, but that makes no difference as to the power of the court to enlarge the time for hearing the motion. Whilst we do not doubt the power of the court to continue such a motion from one term to another, yet it is an unsafe practice when the application depends upon the evidence given at the trial. In such cases it would be impossible that such a motion could be determined, if the judge who presided at the trial should have interchanged his circuit with another judge. But when the application depends exclusively upon affidavits, this difficulty is in a great measure obviated.
The motion in this case was made on the ground of newly discovered evidence, and although the judge may have overruled the motion under an impression that it could not be heard at that term, yet if on the merits the defendants are not entitled to a new trial, the judgment must be sustained. One of the defendants made an affidavit in support of the motion, in which he states that since the trial he has discovered new and import- , ant testimony, which was unknown to the defendants before the trial, although diligent inquiry and industrious efforts had been made to discover and produce the testimony on the trial, which efforts had utterly failed; and that it was not until a day or two before making the motion that he had discovered that such proof could be made. He also states in his affidavit that the witnesses will prove that the intestate of plaintiffs below, acknowledged in his lifetime the payment of nine hundred dollars on the note sued on, and that the witnesses are resident citizens of the counter of Adams, and that he could obtain their attendance at the next term of the court. The application is also accompanied by the affidavits of the witnesses fully establishing the acknowledgments made by the deceased of the pay *325 ment of nine hundred dollars, as stated in defendants’ affidavit. These affidavits seem to be sufficient to bring the defendants within the rule established by this case of Hare v. Sproul, 2 Howard, 772. He states that the evidence has come to his knowledge since the trial; that it was not owing to the want of diligence that it was not sooner discovered, and that the verdict 'would probably be different. The same rule is also laid down by the authorities cited by the counsel for the plaintiffs in error, and the decision in Guyott v. Butts, in 4 Wendell, 303, is very much in point. On the whole, therefore, we think a new trial should be granted.
Mr. Justice Thacher, having been counsel for the plaintiffs in the court below, gave no opinion.