Johnson, 0. J. The first question taken by the appellant is that the possession of the property attached continued with the vendor after the sale, and therefore the whole transaction was fraudulent and void as to creditors. We will concede for the sake ef the argument that his statement as to the facts of possession is strictly true, and then see whether the law will sustain him in his conclusion. There is no such thing as a fraud in law as distinguished from fraud in fact. What was formerly considered conclusive evidence of fraud is now held to be but prima facie evidence to be submitted to the jury. Jackson vs. Simmerman, 7 Wend. 436. Seward vs. Jackson 8 Cow. 405. Jackson vs. Peck, 4 Wend. 303. The non-delivery of property on sale is only one circumstance in proof of fraud and may be explained. Butts vs. Swartwood, 2 Cow 431. Beals vs. Guirnsey, 8 J. R. 446. Wickham vs. Miller, 12 J. R. 320. It will be perceived from these authorities, that the rule ,as laid down anciently, has been greatly relaxed by the courts in modern times. According to the weight of authority at the present day, the mere fact of possession by the vendor subsequent to the sale does not amount to fraud per se, but is merely prima facie evidence of fraud. We will now advert to the testimony and endeavor to ascertain whether the statement of the appellant as to the possession is supported by the facts of the case. It does not appear from the evidence that the whisky was ever in the. actual possession of Ratcliff, the defendant in the attachment. It was first stored in the house of Lowry, and was afterwards removed to that of Stoneroad, the witness, and there it remained until the sale. The proof is that Ratcliff and Simco went together to the house of Stoneroad, where the whisky was stored, and that they there in his presence closed the trade; that Simco paid Ratcliff five dollars, and said at the same time that he would pay him five more, which would be the difference between the sum agreed to be given by Ratcliff for a certain reservation claim which he, Simco, had against the Government and the estimated value of the lot of whisky; that Rat-cliff stated that he knew the claim he had bought and that it was a good one, that he owned a part of it himself and wanted to own the entire claim. The defendant then introduced another witness who testified that some time in the month of November, 1843, he went to the defendant Ratcliff to purchase a lot of whisky and that he said he had disposed of it to W. R. Simco, and that he told him it was in payment of a reservation claim belonging to the Government in the Cherokee Nation, and also that Ratcliff stated that there was such a claim. This is the substance of the testimony offered by the defendant in error. The point now presented is whether the continued possession of Stoneroad is consistent with the right of property as claimed by Simeo. The reason why the law formerly held the continued possession of the vendor to be fraud per se, was that it was considered ipconsistent with the right of the vendee. Let it be supposed that Ratcliff had gone to the place where the whisky was deposited and there in the presence of witnesses, had given formal possession to Simeo. Would that ceremony have transferred the possession more effectually than the acts which had already been done by the parties? We think not. The property was of such a character as not to be capable of actual delivery from hand to hand, and a mere symbolical delivery would have been merely a work of supererogation, and wholly nugatory in point of law. We think that, from the time of the sale to Simeo, the property in the whisky passed from Ratcliff, and that the possession went with it. The law, from the moment of the sale, transferred the possession to Simeo, and Stoneroad became his bailee. Under this view of the law arising upon the facts of this case, it is clear that the jury were at liberty to find for or against the defendant according to the weight of the testimony adduced before them. But it is contended that the declarations of the defendant in the attachment, introduced by the party interpleading were inadmissible in evidence to establish the claim of the latter. Whether this position be correct or not, we do not conceive it to be necessary to decide as the point was not raised at the trial, and therefore is' not properly before the court. The next objection is, that the court erred in excluing the evidence offered by the plaintiff below in relation to the declarations of the defendant in the attachment. It is insisted that he stood indifferent in the contest between the plaintiff and the party interpleading, and that therefore his declarations ought to have been received. The question of the admissibility of his declarations is not before us, as the plaintiff’ did not lay the foundation for its introduction. It does not appear from the bill of exceptions that he had ever been examined upon oath before any court or tribunal having jurisdiction of the subjuct matter, and that he had afterwards died: nor is there any showing whatever to authorize the admission of his declarations. If he was a competent witness between the parties litigant, he should have been produced in person, or in case his personal attendance could not have been secured, his deposition should have been taken and read upon the trial. His loose declarations, without the force and solemnity of an oath, would have been but mere hearsay, and consequently nothing more than secondary evidence. Upon this principle the court decided correctly in excluding it from the jury. We have looked carefully through the record and have not been able to discover any error. Judgment affirmed. /