Barnes *v.* Harris.

---

SAME TERM.    *Before the same Justices.*

BARNES *vs.* HARRIS.

In declaring upon a judgment rendered by a justice of the peace, it is sufficient for the plaintiff, after setting forth enough of the proceedings to give the justice jurisdiction, to add, *talitur processum fuit*, &c. and judgment.

But the facts giving the justice jurisdiction must be specifically stated.   A mere averment of jurisdiction is not sufficient.   The court must be shown to have had jurisdiction of the subject matter, and of the person of the defendant.

Barnes *v.* Harris.

A declaration which omits to state any of the proceedings before the justice interme-
diate the return of process and the rendering of the judgment, is bad on demurrer;
but the imperfection would be cured by a verdict.

DEMURRER to declaration. Barnes declared against Harris
upon a justice's judgment, "For that, whereas, heretofore, to
wit, on the seventeenth day of May, in the year one thousand
eight hundred and forty-four, at Norwich in said county of Che-
nango, the said plaintiff by the consideration and judgment of
Harvey Hubbard, Esq. then and yet a justice of the peace in
the town of Norwich, in and for the said county of Chenango,
and then and there sitting and acting as such justice of the
peace, pursuant to the statute, recovered against the said defen-
dant the sum of one hundred dollars damages and ninety cents
costs, in an action of assumpsit founded upon contract, then
lately commenced by the said plaintiff against the said defen-
dant before the said justice, by summons duly issued by the
said justice theretofore, to wit, on the eighth day of May afore-
said, returnable at the office of the said justice in Norwich
aforesaid on the said seventeenth day of May, 1844, which said
summons, more than six days before the return day thereof,
was personally served on the said defendant by a constable of
said county, which said damages and costs were adjudged to
the said plaintiff by the said justice then and there, and of
which the said defendant is convicted as by the docket of said
justice fully appears," with the usual allegation that the judg-
ment still remains in full force and effect, and that the plaintiff
has not obtained execution or satisfaction thereof, &c. Special
demurrer, "that the said declaration does not show that the
said justice had any jurisdiction, or that any process was issued
against the said defendant; or that he ever appeared before the
said justice; or that the said justice rendered the said judgment
while holding a court; or in what form of action; or under
what statute; and it does not appear the justice had any right
or jurisdiction to render the judgment set forth; that any return
was made on the said summons before the said justice, or that
the same was ever returned to him; or that the said justice
waited one hour after the time specified for the defendant to

Barnes *v.* Harris.

appear, or ever appeared at the time or place specified; or held any court at that time or place; nor does it appear that any time of day was specified in said summons, or that said defendant ever appeared in said action, or had a proper notice or opportunity to appear; nor are the facts alleged showing the amount claimed in said summons, and the facts showing the said justice had jurisdiction are not properly alleged; or that said defendant was a resident of the county of Chenango, or that he or said plaintiff resided in Norwich, or the town adjoining the same; or that the summons claimed a demand less than one hundred dollars; or that the subject matter of the suit or the person of the defendant ever were within the jurisdiction of said justice so as to authorize said judgment."

*J. Wait*, for the plaintiff.

*H. Bennett*, for the defendant.

*By the Court*, MOREHOUSE, J.   The question presented is, whether enough is set forth in the plaintiff's declaration to show that the justice had jurisdiction of the cause in which the judgment was rendered.   It would be a matter of deep humiliation to find that a question so frequently before this court had hitherto eluded the scrutiny of its judges, and that an affluence of adjudication relative to the form of pleading proceedings before justices of the peace, and other inferior judicatories, (exceeding that upon any other isolated question,) had only served to render it more doubtful and obscure.   It is not to be disguised that the court in its decisions have not always confined their opinion to the case actually under consideration, and that in citing authority for the reasoning of the judge the rule in cases dissimilar in facts has, by the profession less learned, been confounded with or mistaken for the established precept of the court in the case decided.   In this remark I would not be understood as censuring the learned diligence of the late justices of this court.   To the habitual completeness of their investiga-

tions the profession is indebted for much learning, and to their example, for a new impulse in the desire for more.

There are a variety of cases in setting forth the proceedings of an inferior tribunal, officer, or court, where the rules and the reasons for them, though analogous, are distinguishable. In some the proceedings are according to the common law, though the jurisdiction be by statute; in others summary and contrary to it. I propose to confine myself to the case before me. It was settled in our own courts, before Chitty wrote, that in setting forth the proceedings of an inferior court, after stating enough to give it jurisdiction, it was sufficient to add, *talitur processum fuit*, such an act was done by the court. (*Service* v. *Hermance*, 1 *John. Rep.* 91.　*Peebles* v. *Kittle*, 2 *Id.* 363. *Dakin* v. *Hudson*, 6 *Cowen*, 221.)　Under this general rule another principle of pleading is to be kept in view, that facts are to be stated for the information of the court, not arguments, or inferences, or matters of law.　Facts then must be shown to give jurisdiction, not a mere averment of jurisdiction; and it must be complete, that is, the court must be shown to have had jurisdiction of the subject matter, and of the persons affected by the proceeding or judgment.　The case of *Smith* v. *Mumford*, (9 *Cowen*, 26,) furnishes apparently an approved precedent of a declaration in debt on a judgment in a justice's court, short of this, in not showing jurisdiction of the person; and so also does *Stiles* v. *Stewart*, (12 *Wend.* 473.)　The former case was brought before the court upon demurrer to the evidence, and the latter in arrest of judgment.　The court do not, however, in either case, advert to the circumstance as affecting the rule. Upon established principles they were good after verdict, though bad before.　The case of *Cleveland* v. *Rogers*, (6 *Wend.* 438,) lays down what I esteem the true rule on the subject.　It is referred to in *Stiles* v. *Stewart*, (12 *Wend*, 473,) with the remark that it must be considered as confined to a case of an avowry or other pleading subsequent to the declaration, where greater certainty was required.　*Lawton* v. *Erwin*, (9 *Wend.* 233,) confirming the rule in 6 *Wendell*, was not referred to.　In *Cornell* v. *Barnes*, (7 *Hill*, 35,) the rule as above laid down

was re-asserted. A learned note of the reporter contains the leading authorities on the question, down to and including several additional cases in that volume.

Before proceeding to examine the specified causes of demurrer, I would remark that whether the justice actually had jurisdiction of the cause, is a question distinct from the one under consideration. It does not, and need not, appear by the pleading, whether there was an appearance and contestation before him or not. Whether the form of the summons, its service and return, and all things essential to confer jurisdiction in the cause, if the defendant did not appear, concurred, is matter of proof on the trial. What errors committed in matter of substance or in practice, by the justice, available on the trial and which would reverse the judgment if brought up on certiorari, and what degree of jurisdiction his docket will show, and what the court will presume in the absence of record evidence, are for the future. The form of a declaration upon a judgment setting forth the whole proceedings in the same or an inferior court, will be found in *Pitt* v. *Knight*, (1 *Saund.* 86,) and the abbreviated form in note (2) to that case, (*Id. p.* 92.) At a certain court, &c. held at, &c. A. levied his certain plaint against B. in a plea of debt, &c. and thereupon such proceedings were had that afterwards, &c. it was considered by the court that A. should recover against B., &c. This order of statement is substantially reversed in the plaintiff's declaration. The substance of it methodized is, that on the 8th of May, 1844, the plaintiff commenced a suit before the justice in an action of assumpsit, founded upon contract, by summons issued that day, returnable before the justice at his office in Norwich, on the 17th of May ; that the summons was personally served more than six days before the return day thereof; and that on the 17th of May the justice gave a judgment for the plaintiff for one hundred dollars damages, and ninety cents costs. The causes of demurrer are not enumerated in the demurrer book. The defendant in his points condenses them into fourteen, the plaintiff's analysis swells them to twenty-five. They may be considered in groups. The two first are that the declaration

Barnes *v.* Harris.

does not show that the justice had jurisdiction, or that process issued. The declaration answers the first by showing the nature of the action, and the amount claimed ; and the statute, (2 *R. S.* 324, § 2, *sub.* 1, *3d ed.*) of which the court will take judicial notice, gives a justice jurisdiction in such case. The second cause of demurrer is untrue in fact. Process, the declaration avers, was issued. The residue relate to the form and substance of the process, its service and return, and the proceedings which were or ought to have been had after it to authorize a judgment, none of which are required to be set forth in the declaration, though essential to be proved on the trial of this cause with greater or less strictness and certainty. The form of action stated in the summons, the amount claimed, the time and place of appearance, the manner of service and the return of the officer, if the defendant did not appear, may be important in determining the question of jurisdiction. ( *Yager* v. *Hannah,* 6 *Hill,* 631.) That is to be shown affirmatively by the plaintiff. If the justice had not jurisdiction of the person of the defendant, and of the cause, the judgment cannot be upheld. This principle is applicable to all courts, from the highest to the lowest, and it may always be set up against a judgment when sought to be enforced, or when any benefit is claimed under it. The want of jurisdiction makes it utterly void and unavailable for any purpose. (*Mills* v. *Martin,* 19 *John. Rep.* 7. *Burden* v. *Fitch,* 15 *Id.* 141. *Latham* v. *Edgerton,* 9 *Cowen,* 227. 4 *Id.* 61, 82, 540. 6 *Id.* 585. 7 *Id.* 468.)

The plaintiff's declaration is defective in not making the general statement before indicated of proceedings intermediate the service and return of process and the giving the judgment. The imperfection would be cured by a verdict, and this court is, by statute, to disregard it. It is not a defect specially expressed in the demurrer, and the plaintiff, by the same statute, is entitled to judgment absolute. (2 *R. S.* 448, §§ 21, 22, 23, *3d ed. Id.* 352, §§ 4, 5, 6, *1st ed.*)

Judgment for plaintiff.