## TURNER *vs.* ROBY and others.

In pleading the judgments of inferior courts of special and limited jurisdiction, it is necessary to show that the court not only had jurisdiction of the subject matter, but that it also acquired jurisdiction over the person of the defendant, and in this respect there is no distinction between a declaration and any other pleading.

The cases of *Smith* v. *Mumford*, '9 *Cowen*, 26,) and *Stiles* v. *Stewart*, (12 *Wend.* 473,) commented on and explained.

The proceedings, however, need not be set out.   After stating the facts which show jurisdiction, it is enough to say *taliter processum fuit, &c.*

A general averment of jurisdiction is not sufficient.   The facts on which it depends must be stated.

Where, however, the judgment of the inferior court was against the plaintiff for costs, and an action is brought on the judgment to recover such costs, the pleader need not aver jurisdiction of the subject matter.   Such a case is an exception to the general rule.

To a declaration in assumpsit the defendant pleaded a former recovery, stating, that the plaintiff *impleaded* the defendant in a certain justice's court, and such proceedings were had that the plaintiff recovered a final judgment on the merits for a certain sum upon the same cause of action.   *Held,* that the plea was bad in substance.

TURNER brought assumpsit against Roby and others in the recorder's court of the city of Buffalo, and declared for work, labor and materials, goods sold and delivered, &c. The defendants pleaded, that theretofore, to wit, on, &c. at a court held before Pearly A. Child, one of the justices of the peace of the city of Buffalo in and for the county of Erie, at the city of Buffalo in said county, the said plaintiff impleaded the said Roby, one of the defendants, for the same identical cause of action in the declaration mentioned, and such proceedings were thereupon had, that afterwards, to wit, on, &c. the said plaintiff, *by the final judgment of the said court upon the merits,* recovered against the said Roby the sum of one hundred dollars damages for the same identical cause of action in the said declaration mentioned. The plaintiff replied that he did not recover final judgment upon the merits for the same cause of action as alledged in the plea. The defendant demurred and the plaintiff joined in demurrer. The recorder's court gave judgment against the plaintiff on account of the insufficiency of the replication. Which judgment was reversed by the supreme court sitting in the eighth district. The defendants appealed to this court.

*J. L. Talcott,* for appellants.

*I. T. Williams,* for respondent.

BRONSON, J. Assuming that the replication is bad for duplicity, the plaintiff was still entitled to judgment on the ground that the plea is insufficient. In stating the former recovery against Roby, it is not shown that the justice acquired jurisdiction over the person of the defendant. In pleading the judgments of inferior courts of special and limited jurisdiction—and such are our justices' courts—it is necessary to show that the court not only had jurisdiction of the subject matter in controversy, but that it also acquired jurisdiction over the person of the defendant. The only cases in this state which seem to militate against the rule are, *Smith* v. *Mumford,* (9 *Cowen,* 26,) and *Stiles* v. *Stewart,* (12 *Wend.* 473:) but both of those cases

came before the court after verdict. And besides, in both cases the attention of the court was confined to the question of jurisdiction of the subject, and no notice whatever was taken of the question of jurisdiction over the party. If the defect in pleading was not cured by the verdict, as I am inclined to think it was, still the most that can be said of either of those cases is, that the court overlooked a question which should have been considered ; and not that the point was decided, either one way or the other. It has sometimes been supposed that the case of *Stiles* v. *Stewart* makes a distinction between setting up a judgment in a declaration, and in a plea ; and that in the former case jurisdiction need not be shown, though it must in the latter. That would answer the plaintiff's purpose in this case, for the question arises on a plea. But there is nothing in the distinction. With a single exception,which will be noticed hereafter, whenever the judgment of an inferior court of special and limited jurisdiction is pleaded—whether in a declaration or any other pleading, it is necessary to show that the court had authority, both as to subject and person, to render the judgment. The general rule is so fully settled, and of such every day application, that I need not cite books to prove it. It was formerly held necessary to set out the proceedings at large ; but in modern times it is enough to state the facts which show jurisdiction, and then say, *taliter processum fuit*, the judgment was rendered.

The plea alledges that the plaintiff *impleaded* Roby. But that is no more than saying, he *sued* or prosecuted him by course of law, or due course of law; (*Tom. L. D., and Bouv. L. D., Implead ;*) neither of which is sufficient. It is not enough to alledge, in general terms, that the court had jurisdiction ; but the facts on which jurisdiction depends must be stated. I will only refer to such cases as happen to lie before me. (*Cleveland* v. *Rogers*, 6 *Wend.* 438 ; *Sackett* v. *Andross*, 5 *Hill*, 327 ; *Van Etten* v. *Hurst*, 6 *id.* 311 ; *The People* v. *Keober*, 7 *id.* 39 ; *Whitney* v. *Shufelt*, 1 *Denio*, 592.) In pleading a judgment in *Patrick* v. *Johnson*, (3 *Lev.* 403,) the allegation was, that the defendant in that action was indebted to the plaintiff

within the jurisdiction of the borough court, which was a court of record, and for the recovery of the debt the plaintiff *impleaded* the defendant in the same court, and *found pledges* to prosecute his suit ; and thereupon *taliter processum fuit,* &c. This was held tantamount to saying, he levied his plaint, which was the proper allegation in that case. But the judgment was in a court of record, where jurisdiction was acquired by levying a plaint. Our justices' courts are not courts of record ; and jurisdiction over the person of the defendant is not acquired by levying a plaint, but by the issue and service of process, or by voluntary appearance. (*Cornell* v. *Barnes, 7 Hill,* 35, *and note* (*e*) *p.* 39.) The plea neither states that Roby was served with process nor that he appeared in the former action ; and is bad for that reason.

There is an exception to the general rule of pleading which has been mentioned. When the plaintiff in an inferior court suffers a judgment of nonsuit, and an action is brought against him on the judgment to recover the costs which were adjudged to the defendant, the pleader need not aver that a plaint was levied in the inferior court for a cause of action arising within its jurisdiction ; for although the plaintiff had no cause of action, and was nonsuited for that reason, he must pay the defendant's costs. (*Murray* v. *Wilson,* 1 *Wilson,* 316.) And the same principle will apply in declaring upon any judgment for the defendant in an inferior court, where the only object is to recover the costs which were adjudged to the defendant in that action. But the rule is different where, as in this case, the plaintiff had judgment in the inferior court, and the judgment is pleaded in bar of another action ; for if the inferior court had no jurisdiction, the judgment is void, and cannot be enforced by execution ; and if the plaintiff cannot sue on the original cause of action, he is without remedy. In such a case, the pleader should follow the general rule, and show that the inferior court had jurisdiction to give a judgment which would bar another action. And the principle must be the same in all cases where the former recovery is set up as a bar to another action.

I have felt some doubt on the question, whether in all cases

where the judgment of an inferior court is pleaded against the plaintiff in that action, the authority of the inferior court should not be presumed ; and the plaintiff be left to aver and prove the want of jurisdiction, if he can.   But I do not find any such doctrine in the books ; and am not disposed to multiply exceptions to general rules.   It would impose on the plaintiff in the former action the burden of proving a negative, instead of leaving the party who sets up the judgment as a bar to aver and prove that there was a valid judgment.   I think this case should follow the general rule ; and that the plea is bad for not showing jurisdiction in the justice to render the judgment.   The supreme court so decided, and their judgment should be affirmed.

Judgment affirmed.