Bosworth, Ch. J.
Where a defendant relies upon a discharge in bankruptcy in another country, as a bar to the action, or, as in this case, upon a certificate of a commissioner in bankruptcy, under the act, 7 and 8 Vic. ch. 70, entitled “ An act for facilitating arrangements between debtors and creditors,” he must set forth in his answer: First. The statute under which the alleged proceedings were had, and certificate was granted. (Holmes v. Broughton, 10 Wend. 75. Monroe v. Douglas, 5 N. Y. Rep. 417.) That was not done in this case, and the answer is therefore defective. Second. The answer, besides pleading the certificate, must set forth, with particularity, such prior proceedings as warranted the granting of the certificate. If no certificate has been granted, and enough has been done to extinguish the plaintiff’s cause of action, the material facts relied upon as affecting the extin-r guishment, or the defendant’s discharge from liability, must be pleaded.
If a certificate has'been granted, it must be pleaded, and other facts be alleged which, if true, authorize the granting of it. (Thomas v. Robinson, 3 Wend. 267, 617. Loudo v. Sampson, 2 Smith, 659. 1 Chitty’s Plead. 514, 515. 3 id. 913. Barnes v. Harris, 3 Barb. 603. Ayres v. Govill, 18 id. 260. Alcard v. Wesson, 14 Eng. L. and Eq. 360. 16 Barb. 481.)
The motion must be granted.
The defendant then put in an amended answer, in which, after alleging the presentation of the petition, he stated that in the petition was “ set forth a proposal which was the only proposal this defendant could make, for the future payment or the compromise of such debts and engagements, and which proposal was truly and bona fide made, and which this defendant was then ready and willing to carry out and fulfill. And this defendant further says that more than one third in number and value of his said creditors assented to such proposal. And the said petitioner further prayed that such proposal *723 should he carried into effect, under the superintendence and control of the said court, and that he, the said petitioning debtor, should, in the meantime, be protected from arrest by order of the said court, which said petition is on the files of the said court in bankruptcy, at London, in England." That the commissioner in bankruptcy approved of the proceedings, and found that the proposal to that effect was reasonable, and proper to be executed under the direction of the said court. And the said commissioner did direct a meeting of all the creditors of the said petitioning debtor to be convened, and duly appointed a time and place for that purpose.
That at such meeting of creditors, where this defendant was not present, nor was he required by law to be present, but was represented by his attorney and solicitor, the major part in number and value of his said creditors, whose debts exceeded twenty pounds, did assent to the proposal of the said petitioning debtor. This defendant cannot set forth the date or time when the second meeting of the said creditors was called by the said president, but is informed and .believes that such meeting was duly called and held, and that due notice was given to the said creditors, in the same manner and form as for the first meeting; but he states that at said second meeting one third in number and value of the creditors of the petitioning debtor were present, either in person or by an authorized agent. * * * That at such second- meeting of the creditors, three fifths in number and ■ value of all the creditors then present did agree, resolve and accept such arrangement as was assented to at the first meeting, and that the terms thereof were reduced into writing, and that the same were duly signed, and that the same were binding and of full force against the plaintiffs in this action, both at law and in equity, under the powers and provisions of the hereinbefore recited act, and that their agents and solicitors had due notice, under the provisions of the said act, of the several meetings of creditors held as before mentioned. This defendant further states, that within fifteen days after the passage of the above resolution and agreement to accept his proposition, the *724 same was submitted to the commissioner acting in the matter of the said petition, who decided and ruled the same to be reasonable and proper to be executed under the direction of the court, and caused the same to be filed and entered of record therein.” And the defendant further alleged that “ he fully complied with all the provisions of the said act, and became entitled to receive a certificate from the said court, discharging him from his debts and liabilities, as fully and effectually as if the same were a certificate of conformity under the statutes relating to bankrupts. That this defendant not having applied for the said certificate, does not plead the same as a bar or extinguishment of the debt of the plaintiffs for which this action is brought, but answers and says, that the plaintiffs are not entitled to maintain this action against him ; that the plaintiffs, who were then creditors of this defendant in respect of the same debt for which this action is brought in this court, were bound by the arrangement made and entered into by the creditors, and the necessary majority of the same, under the provisions of the act under which the petition was presented to the court of bankruptcy in England; that the plaintiffs are not entitled to maintain this action against this defendant until all the proceedings taken in the said court of bankruptcy in England are vacated and annulled ; that the plaintiffs are not entitled to maintain this action against this defendant until the estate, effects, and property ceded. and given up by this defendant for the plaintiffs with the other creditors of this defendant are restored and returned to him ; that the proposal and arrangement made and entered into with the creditors of this defendant, under the powers and provisions of the said act, are binding in law upon the plaintiffs, until the same is reversed and annulled by the said court; that under the provisions of the said act, the said arrangement is an accord and satisfaction in law of all damages sustained by the plaintiffs, by the breaches of covenants, by this defendant, contained in the deed upon which the action is brought, and which have accrued up to the time of the commencement of this action.”
J. W. Ashmead, for the appellant.
Isaac Van Winlcle, for the respondent.
The statute referred to was annexed to the answer, and set forth at length.
The plaintiffs demurred to the answer. Judgment was given for the plaintiffs, at special term, on the demurrer, with leave to the defendant to amend by alleging that he had obtained a certificate of discharge, or that the plaintiffs had participated in property delivered to the registrar or official assignee, if so advised. From this order the defendant appealed.
By the Court, Robertson, Ch. J.
The statute under which the defendant claims to have been released from all responsibility to the plaintiffs, (7 and 8 Vict. ch. 70,) was made for the benefit of insolvents, who were not traders, and subject to the English bankrupt acts. Proceedings thereunder can only be instituted by the insolvent himself.
Their object is a forced discharge of the debtor by part of his creditors, who are reluctant, on the adoption by a certain proportion of all of them, of terms of composition or compromise offered by him, modified by them, and sanctioned by the court in which the proceedings are taken. As to those creditors, therefore, who have not expressly assented to such discharge upon such terms, either at the meetings held for the purpose, or by receiving part of the debtor’s estate, under such compromise, it is an involuntary discharge of their claims by operation of law, and none of the features of an accord and satisfaction belong to it. The statute is very similar in all respects to the allowance of a concordat by the French civil Code, (Articles 505, 516,) except that the latter may be compulsory. In the nature of the petition under, it, and objections allowed thereto, it also resembles our insolvent act.
Such English statute provides for the making by the insolvent of “ such proposal as he is able to make for the future payment or compromise of his debts and engagements,” (§ 1,) *726 and for several meetings of his creditors for the acceptance or modification of such proposal, and to secure the certainty and mode of its being carried into effect, before any official certifir cate or protection, similar to that given by the statutes of bankruptcy, is to be given by the officer before whom such proceedings are had. A certain proportion of' creditors in number and value (one third) are required to sign such petition. (§ 1.) The first of such meetings is to be convened by order of the commissioners to whom the application is made, (§ 2,) and the second by the president of such first meeting, appointed by such commissioners, (§ 3 ;) in casé at such meeting a majority of all the creditors in number and value, or a certain proportion in numbers or value, (nine tenths,) whose debts exceed a certain sum, (£20,) assent to such proposal, or a modification thereof. (§ 4.) The second meeting is required to have the same proportion of creditors in number and value ■present as was required to sign the petition, to make their proceedings of any avail. (§ 5.) A “ resolution or agreement adopted at such second meeting to accept the arrangement or composition assented to at the first meeting, if reduced to writing, and signed by a certain proportion of the creditors in number and value then present, (three fifths,) or a certain other proportion in value or in number to those whose debts exceed a certain sum, (£20,) is declared, if confirmed as therein required, to be binding upon the insolvent and all his creditors who had notice of both such meetings. (§ 5.) Such “ resolution or agreement ” is required to be submitted to the acting commissioner within a certain time, and he, in case he “ think it reasonable and proper to be.executed under the direction of the court,” is to cause it to be filed and entered of record. (§ 6.) An indorsement by him on a certificate of such filing, of a protection of the debtor from arrest, is to have that effect, except in certain cases of fraud committed by him. (Id.) A like protection from arrest may be given by such' commissioner on the presentation of the petition. (§ 7.) Such commissioner may also, in case of any difficulty in the execution of such resolution or agreement, convene special meetings of the *727 creditors, at which, if one third of them in number and value are present, or, if the commissioner approve of their action, a majority of those present may," by resolution, confirm, alter, or annul the whole, or any part of such prior resolution or agreement with like effect as if part thereof. (§ 11.) It is not until the last meeting of creditors after such resolution or agreement is carried into effect, and the creditors “ satisfied according to its tenor,” and when the trustee appointed by the court has fully performed his trust, that the commissioner is to give a certificate of the filing of the petition, and the making and performance of the resolution or agreement of creditors, which is to be as operative as a certificate of conformity under the statutes of bankruptcy. (§§ 12, 13.) During the period between the second meeting and such final meeting, the insolvent may be brought before the commissioner, and examined touching his property and his creditors. (§ 10.)
It would be rather difficult to plead the agreement assented to at the first and second meetings of the creditors, if either altered, amended or annulled at a special meeting called under the 11th section, as an accord and satisfaction, or any other defense. There is nothing in the statute releasing the debtor from liability upon the adoption of such first agreement, although he may be thereupon protected from arrest. It is very evident, the words in the 5th section, “ shall thenceforth be binding and of full force,” mean nothing more than that such resolution shall have such force as is given to it by such statute, not only against those assenting to it, but also those who were notified of such meetings ; otherwise it would be inconsistent with the power of altering or annulling it given by the subsequent sections.
The very able discussion by the learned judge who delivered the opinion of the court in the. Matter of Bonaffe, 23 N. Y. Rep. 185, et seq.) of the entire dependence of the^Fect of the concordat, under the. French Oodeof Commerce, n discharging the debtor from his debts, on its terms, is just1,8 applicable to the compromise offered under the statute in gestión.
The answer in this case does hot even setl0r*b. the nature of *728 the proposal .made, by the defendant on the presentation of his petition, so that this court can see that it was a discharge from liability; nor whether it was for "the future payment, or for the compromise of his debts, but only in the alternative ; nor does it allege that any notice of the second meeting was given to the plaintiffs, but only to “ said creditors,” which follows a statement of an assent of a majority of creditors to the defendant’s proposal, and “ to their agents and solicitorswhereas the statute in question, by its’4th section, clearly provides only for personal notice, unless a substituted notice is ordered. No appointment of a trustee, or surrender to him of property, is alleged in such answer.
The answer claims that the defendant was entitled to receive a certificate of compliance with the statute, discharging him from liability, as under the bankrupt act, whose terms, however, it entirely omits to state. That could not be ascertained, except by the judicial declaration of the commissioner, after a performance of the terms of the compromise, and a discharge of the trustee, and no alteration of the terms of the original proposal, by any general meeting of creditors, or a special one ordered under the 11th section of the act. The purpose of such act-being,-as stated in its title, merely to “ facilitate arrangements between creditors and debtor’s,” not to discharge insolvents, no one could properly be entitled to such certificate until such final meeting of creditors and discharge of the trustee, after the proposal for compromise had been carried out. I do not perceive that the language of the opinion delivered before, inthis court, sanctions any interpretation of the English statute as axthorizing an extinguishment of the debt, by the mere aPpro-ation of the debtor’s proposal; by the court, after the second meeting. The withholding of such certificate until the final settixnent, and giving no effect to any of the proceedings until that ;s conclusive as to the purport of the statute.
How far t’L amendment allowed would better the defendant’s defense, is noxriecesgary deficit As it stands, it is-insufficient, and ths’udgment, -therefore, must be affirmed, with costs.- -