JOHN RUTHERFORD, plaintiff in error, *vs.* ELIZABETH CHAPMAN, defendant in error.

When a husband, whether solvent or insolvent at the time, purchases property for his wife and children, taking title to himself as their trustee, paying nothing, but giving his note for the price, and afterwards dies insolvent, leaving the note wholly unpaid, and where his widow, after his death, discharges the note with her own means, the husband's creditors have not been injured or defrauded, and cannot subject the property, though their claims were in existence when the trust was created.

Trusts. Levy and sale. Husband and wife. Before Judge HILL. Bibb Superior Court. October Adjourned Term, 1876.

This was ejectment by Rutherford against Chapman. The plaintiff claimed under a sheriff's sale, made by authority of an execution against defendant's husband. Defendant set up an equitable title, arising under the the trust created by her husband, coupled with her payment of the purchase money. The remaining facts are fully stated in the opinion.

R. F. LYON; J. RUTHERFORD, for plaintiff in error.

WASHINGTON POE; SAMUEL HALL, by brief, for defendant.

BLECKLEY, Judge.

A ware-house in the city of Macon was priced at $40,000 in Confederate money. The owner's son-in-law found a

purchaser for one-half, and, as trustee for his wife and children, took a conveyance for the other half. The consideration expressed in this conveyance was ten thousand dollars, but it was understood, at the time, that the vendor intended an equal amount in the property, that is, an amount representing one-fourth, as a gift from him to his daughter and her children, the beneficiaries of the trust. The son-in-law paid nothing, but gave his note for the ten thousand dollars. The transaction took place in May, 1863, and both the note and the trust deed bore date accordingly. After the war, the note was scaled down to two thousand dollars, and a new note was given for that sum. The son-in-law died in 1870, insolvent, leaving the note wholly unpaid. His widow, after his death, compromised with it the holder, by paying some money, and substituting her own notes. Her husband, during his life, never claimed the property otherwise than as trustee; and from the time of his death, she claimed, for herself and children, under the trust deed. In 1871, an undivided fourth of the ware-house premises was levied upon by the sheriff, and sold as her husband's property. The debt which thus came against it was an individual debt of her husband, which existed at the date of the trust deed in 1863, and which was sued to judgment in 1867. It was but one of numerous debts that he owed when the trust deed was made, and which he proved unable to pay; though at that time he had a plantation in Alabama, worth fifteen or twenty thousand dollars, with eighty or one hundred negroes upon it, worth from four to five hundred dollars each, besides horses, mules, cattle, etc., worth from three to four thousand dollars. He seems to have had little, if any, property in Georgia. Judgments rendered against him in this state, in 1862, were returned *nulla bona* in 1869; another was so returned in 1871; one rendered in 1866 was so returned in 1868; and one rendered in 1867 was so returned in 1871.

Under these facts, the real question in the court below was, whether, in an action of ejectment brought by the

purchaser at sheriff's sale against the widow, for the undivided fourth sold under execution as her husband's property, the plaintiff could recover, she standing for her defense upon the trust deed, supported by the fact that she, and not her husband, discharged the note given by him for the purchase money. As he never paid anything on the purchase, but died insolvent, there was no injustice done to his creditors by the trust deed. Taking all the facts together, the deed, as to them, was not fraudulent. It was intended to pass, and did pass, the legal title; and as the burden of making payment has been assumed by one of the beneficiaries of the trust, there is nothing incompatible with the purest virtue and morality in allowing her to assert that title against the world. As the event proved, the husband's means were not diminished in any degree whatever by the liability which he assumed. Nothing was thereby withdrawn or diverted from his creditors. They have not been injured. Their naked equity is, therefore, inferior to that of the wife; and thus the equitable and the legal title are united in her favor. We need not approve or disapprove the minor matters embraced in the motion for new trial. On a broad principle underlying the whole case, the verdict was right, and the motion for new trial was properly overruled.

Cited for plaintiff, 53 *Ga.*, 339; 56 *Ib.*, 615, 369; 13 *Ib.*, 416; 21 *Ib.*, 242; 1 Am. L. Cases, 41, 52; 2 Kelly, 304; 3 *Ib.*, 452; 20 *Ga.*, 452; 15 *Ib.*, 340, 261; Swift's Dig., 284, 285; 15 Mass., 211; 16 Johns., 197; 31 *Ga.*, 317; 1 McMullen, 373; 30 *Ga.*, 490; Code, §1945. For defendant, Bump F. C. 74, 262, 279, 362; 4 Wend., 300; 8 Cowen, 406; Shep. Touch., 67; Code, §§1952, 2662; 53 *Ga.*, 155.

Judgment affirmed.